### COMMONWEALTH *vs.* WILLIAM SANBORN.

Bristol. October 27. — 28, 1874. COLT & AMES, JJ., absent.

Under the Gen. Sts. *c.* 171, § 7, grand jurors sworn by the clerk in the presence of the court are legally charged with the performance of their duties, and it is not essential to the validity of their indictments that they should be instructed by the presiding judge.

Payment of a tax to the United States on sales of intoxicating liquors made in a tenement in this Commonwealth, is no bar to an indictment under the Gen. Sts. *c.* 87, §§ 6, 7, for keeping the tenement for such sales in violation of law, and thereby maintaining a common nuisance.

Evidence of verbal admissions tending to show that the person making them was guilty of a crime should be received by a jury with great caution, but whether any substantial reliance should be placed upon such evidence depends upon the circumstances of each case; and he is not entitled to an instruction that no substantial reliance can be placed upon them if uncorroborated.

INDICTMENT on the Gen. Sts. *c.* 87, §§ 6, 7, charging the keeping of a tenement used for the illegal sale of intoxicating liquors.

Before arraignment the defendant filed a plea in abatement, a motion to quash, and a special plea in bar, setting forth that two

of the jurors upon the grand jury by which the indictment was found and presented were not charged by the presiding judge, but were simply sworn by the clerk in open court. The court overruled the pleas and motion.

The defendant also filed a special plea in bar, setting forth that he had paid a special tax to the United States, for his keeping and selling spirituous and intoxicating liquors, at the same time and at the same place for which he was charged in this indictment. The court adjudged the plea bad.

At the trial in the Superior Court before *Putnam*, J., evidence of verbal admissions by the defendant was admitted, tending to show that he kept and maintained the tenement. At the defendant's request the judge instructed the jury that such evidence should be received with great caution. The defendant further requested the court to instruct the jury that no substantial reliance could be placed upon this class of evidence uncorroborated. This the judge refused, but did instruct them that whether any substantial reliance could be placed upon this class of testimony depended upon the circumstances of each case, and that it was for the jury to say in this case how far they could rely upon it.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. Brown*, for the defendant. 1. At common law, the " grand jury are previously instructed in the articles of their inquiry by a charge from the judge who presides upon the bench." 4 Bl. Com. 303. In *Wadlin's Case*, 11 Mass. 142, this court deemed it essential that a grand juror, not present when the jury were empanelled and charged, should be sworn and charged separately before joining the panel. At that time the present explicit directions, by statute, in regard to charging them did not exist. St. 1807, *c.* 140, § 10. The Gen. Sts. *c.* 171, §§ 12, 13, are identical with the Rev. Sts. *c.* 136, §§ 12, 13, and were reported by the commissioners, who, in their note, say, " Perhaps all this may be considered as being comprised in the oath of grand jurors : but it seemed better to express it than to leave it to implication." Report of Commissioners on Rev. Sts. *c.* 136. It is obligatory on the court to remind the grand jury of the provisions of § 13, and the preceding sections. Gen. Sts. *c.* 171, § 13. The two jurors were

not therefore qualified, as required by statute, to join the panel, and the indictments were found and presented by a body not duly constituted. It would have the same effect as if twelve or the whole proceeded to business without a charge or this reminder, as a majority are to agree upon a bill. An omission to properly administer the oath to a traverse jury, as required by statute, renders their verdict illegal. *Johnson* v. *The State*, 47 Ala. 9.

2. In regard to the special plea in bar, setting up that the defendant had paid a special tax to the United States, the defendant relies upon the point that the case of *Pervear* v. *Commonwealth*, 5 Wall. 475, was decided when the internal revenue law required a license instead of the payment of a special tax, as now, and that the U. S. St. of 1872, *c.* 315, omitted, or rather repealed by implication, that clause in the former statutes which provided that " no license " should authorize the doing of acts in violation of the laws of any state or territory. No license is now granted, but a special tax is paid to carry on a trade or business.

3. The instructions requested in regard to verbal admissions are in accordance with the law as stated in 1 Greenl. Ev. (Redfield's ed.) § 200. The defendant was entitled to these instructions, and the instructions given instead thereof were erroneous or insufficient.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J. 1. Grand jurors, sworn by the clerk in the presence of the court, as required by the statutes, are legally charged with the performance of their duties. Their authority to inquire into crimes is not limited to subjects to which their attention is called by the court or by the attorney for the Commonwealth; and the extent to which they shall be instructed by the court rests in the discretion of the presiding judge.

The language of the Rev. Sts. *c.* 136, § 7, and the Gen. Sts. *c.* 171, § 7, which provide that " after the grand jurors have been empanelled and have received their charge from the court," and have retired, they shall elect a foreman before they proceed to the performance of the duties of their office, is hardly so explicit as the St. of 1807, *c.* 140, § 10, which spoke of their being " sworn, empanelled, and instructed by the charge from the court." Under that statute, when one grand juror arrived after the others had been empanelled and charged and had retired to their room, the

court, after consultation, ordered him to be sworn in the usual form, and then merely charged him to aid the grand jury in their inquiries as to offences which had been stated in detail to them when they were empanelled.  *Wadlin's case*, 11 Mass. 142.

The provisions of the Rev. St. *c.* 136, §§ 12, 13, and the Gen. Sts.. *c.* 171, §§ 12, 13, binding the grand jury to secrecy, and directing the court in charging them to remind them of these provisions, do not make the instructions of the court, on this or any other matter, essential to the validity of their indictments. The note of the commissioners on the Revised Statutes shows that they did not suppose that these sections altered the law in this regard.

2. The payment of a tax to the United States was no bar to this indictment for violating the laws of the Commonwealth. *Commonwealth* v. *Holbrook*, 10 Allen, 200.  *Pervear* v. *Commonwealth*, 5 Wall. 475.

3. The instructions to the jury were correct and sufficient.

*Exceptions overruled.*