### James Crimm *vs.* Commonwealth.

Suffolk.    November 27, 1875. — January 4, 1876.    Colt, J., absent.

A grand jury in this Commonwealth may consist of not less than thirteen, nor more than twenty-three.

Under the Gen. Sts. *c.* 171, § 4, providing for the case of deficiency of grand jurors in any court, the court is authorized whenever the number of grand jurors in attendance is less than the full number of twenty-three, to cause so many additional grand jurors to be summoned as in its opinion, making due allowance for absences and excuses, may insure the filling up of the grand jury to that number ; and the summoning of a greater number does not affect the validity of an indictment found by the legal number of jurors.

If grand jurors, after being sworn, are at once excused and never join the grand jury in their deliberations, they form no part of the grand jury by which an indictment is found.

If on a writ of error to the Superior Court a record is sent to this court, which is afterwards amended on a writ of certiorari, the validity of the proceedings is to be determined by the amended record.

On a writ of error to the Superior Court, it appeared by the record sent to this court, as amended on a writ of certiorari, that of the twenty-three grand jurors summoned. five were permanently excused; that a venire was thereupon ordered by the court to issue for seven additional grand jurors, six of whom appeared and were sworn, and two of them permanently excused, leaving a grand jury of twenty-two ; that these with the seventh additional juror before summoned constituted the grand jury by which an indictment was found.    *Held,* that the grand jury was properly constituted.

WRIT OF ERROR to reverse a judgment rendered for the Commonwealth, upon an indictment for burglary, at February term 1875 of the Superior Court for the county of Suffolk, for the transaction of criminal business. The assignment of errors was as follows :

"First. That after twenty-three persons had been summoned as grand jurors upon venires issued for that number, according to the statute in such cases provided, and a legal grand jury had been constituted therefrom according to law, and after twenty of said grand jurors, being first duly sworn, had retired to commence their investigations, and before the finding of said indictment against Crimm, the court ordered a second venire to issue for seven other persons, four of whom came into court and were sworn as grand jurors, and allowed to retire with and take part in the investigation of said grand jury as members thereof, said second venire being illegal, and said persons returned under the same being illegally sworn, as there was no deficiency in said grand jury at the time it issued or at any other time, and said persons returned under the same were not required ; and said illegal grand jury, constituted as aforesaid, was not a grand jury, and said indictment found by the same is void.

"Second. That after venires had issued for twenty-three persons, and said twenty-three persons had been drawn and summoned according to law, and twenty of them sworn as grand jurors, four other persons were illegally sworn as grand jurors and served as such ; and by the reason of such swearing and serving of said four persons on said grand jury, the doings of said grand jury were and are illegal and void.

"Third. That by the serving upon said grand jury of said four additional persons, the number of persons serving was made to consist of an illegal and too large a number ; to wit, twenty-four persons.

"Fourth. That said four persons, admitted to serve as aforesaid, were illegally admitted to serve, and this said service upon said grand jury rendered all the acts of said grand jury illegal and void.

"Fifth. That while no deficiency of grand jurors existed, and after twenty-three grand jurors had been summoned according to law, a new venire issued for and seven more persons were sum-

moned and brought into court to act as grand jurors, causing said grand jury to consist of thirty persons.

"Sixth. That after said twenty-four persons had been sworn and permitted to serve upon said pretended grand jury, and before the finding of the indictment against this plaintiff, an additional person was illegally sworn and permitted to serve on said grand jury."

The record, as first brought before this court, was as set forth below, excepting the words printed in brackets, and including those in italics. The attorney general, after oyer prayed of the record remitted, suggested "a diminution of the record in said Superior Court, touching the proceedings relating to the empanelling of the grand jurors for the body of the county of Suffolk, in said court, and in regard to their being sworn according to law;" and therefore moved that a writ of certiorari might issue to the chief justice of that court, directing him to send up the whole of the proceedings remaining of record therein touching the premises, that this court might advise thereon. The motion was granted, and in obedience to the writ of certiorari a record was returned, differing from the first by the insertion of the words printed in brackets, and the omission of those printed in italics.

"Commonwealth of Massachusetts, Suffolk, to wit: At the Superior Court, begun and holden at the city of Boston, within and for the county of Suffolk, for the transaction of criminal business, on the first Monday of January, in the year of our Lord one thousand eight hundred and seventy-three, the Honorable John W. Bacon, a justice of said court, presiding:

"The following-named persons, having been legally drawn and summoned to serve as grand jurors, came into court and answered to their names; to wit, Henry Andrews, Edward T. Bates, Joshua R. Bigelow, Luther Chick, William D. Cook, Nathaniel Cummings, James Daley, Nathaniel Dexter, Horace B. Fuller, [Samuel S. Gay,] John A. Haven, Thomas M. Lewis, Calvin A. Littlefield, William Lutted, Noah H. Marston, Amos Porter, [J. E. C. Peterson,] William B. Stevens, Jr., [John T. Smith,] Benjamin S Shumway, Samuel Tuckerman and William Withington, all of Boston, and Robert Dunning, of Chelsea.

" After the usual proclamation, the grand jurors were sworn agreeably to the statute, and being charged by the presiding justice, retired to commence their investigations. Henry Andrews, Nathaniel Dexter, Samuel S. Gay, J. E. C. Peterson and John T. Smith, were excused permanently. Subsequently it appeared that John A. Haven was chosen foreman, and Samuel Tuckerman clerk.

" The court ordered a venire to issue for seven additional grand jurors, to attend upon the court on Wednesday, the eighth instant. January eighth, Wednesday, the court met, Honorable Charles Devens, Jr., presiding ; the following-named persons, having been legally drawn and summoned on the additional venire to serve as grand jurors, came into court and answered to their names, and were sworn agreeably to the statute ; to wit, John W. Chickering, Thomas Crawford, William A. Shapleigh, [John H. Swasey, Wīlliam J. McPherson,] and Thomas Wright. [William J. McPherson and John H. Swasey, were excused permanently.]"

" Commonwealth of Massachusetts, Suffolk, to wit : At the Superior Court, begun and holden at the city of Boston, within and for the county of Suffolk, for the transaction of criminal business, on the first Monday of February, in the year of our Lord one thousand eight hundred and seventy-three, the Honorable John W. Bacon, a justice of said court, presiding :

" The following-named persons, having been legally drawn and summoned to serve as grand jurors, came into court and answered to their names ; to wit, *Henry Andrews*, Edward T. Bates, James T. Barrow, Joshua R. Bigelow, Luther Chick, John W. Chickering, William D. Cook, Nathaniel Cummings, Thomas Crawford, James Daley, *Nathaniel Dexter*, Horace B. Fuller, John A. Haven, Thomas M. Lewis, Calvin A. Littlefield, William Lutted, Noah H. Marston, Amos Porter, William B. Stevens, Jr., William A. Shapleigh, Benjamin S. Shumway, Samuel Tuckerman, William Withington and Thomas Wright, all of Boston, and Robert Dunning, of Chelsea.

" After the usual proclamations, the grand jurors were sworn agreeably to the statute, and then retired to commence their investigations."

The record then set forth the return of the indictment, the arraignment and plea of the defendant, the empanelling of the jury, the conviction and sentence.

It appeared by the writs of venire facias returned with the record, that James T. Barrow, one of the grand jurors at February term, was the seventh additional juror, who was summoned but did not attend at January term.

*H. E. Bolles,* for the plaintiff in error. 1. The provisions of the Gen. Sts. *c.* 171, §§ 1, 2, 4, must be strictly followed, and the record shows such a departure from these provisions as made the grand jury an illegal body. The second venire issued when there was no deficiency, and the six summoned on the new venire were sworn and constituted, with the first eighteen, a grand jury of twenty-four. If those excused are to be treated as if never summoned, then the new venire made the number twenty-five. If this course of procedure is to be allowed, twenty-three can be summoned, one excused, and new venires issued for twenty-three more, and a grand jury constituted or packed for any purpose of oppression. It is no answer to say that in this country this is not likely to be. It was intended that we should have " a government of laws and not of men."

2. The same reasons apply to this point. After eighteen had been sworn, six more were sworn all at one time, making a grand jury of twenty-four. This was clearly illegal. These six men were equally incompetent to act. They had no right upon the grand jury. Any one upon it made the findings all illegal. *Commonwealth* v. *Davis,* cited 2 Pick. 559. *State* v. *Symonds,* 36 Maine, 128. Excusing two did not cure the illegality of those remaining. Four of these men served upon the grand jury which found the indictment against the plaintiff, and another came in at the February term, making five of them. If this course can be adopted, 'hen any number can be summoned and sworn, and those not desired can be excused, and this constitutional tribunal become dependent entirely upon the discretion of the presiding judge. See 1 Lead. Crim. Cas. (2d ed.) 260, note to *King* v. *Marsh.*

It may be contended that, because these grand jurors were sworn every term, this original illegality was cured. But this illegality consists not alone in the swearing, but in their being summoned at all ; and the terms of court have nothing to do with the grand jury, which lasts six months. Gen. Sts. *c.* 171, § 2, The foreman is chosen for the whole term. Gen. Sts. *c.* 171, § 8 The jurors are sworn for the whole term, and the statute only

provides for them to be sworn when empanelled. Gen. Sts. *c.* 171, § 5. It has been expressly decided that they need not be sworn again. *Turns* v. *Commonwealth,* 6 Met. 224. The practice of swearing them at each term of court is not required by law, and can have no force in law.

*W. C. Loring,* ( *C. R. Train,* Attorney General, with him,) for the Commonwealth.

GRAY, C. J. A grand jury in this Commonwealth may consist of not less than thirteen, nor more than twenty-three persons. *Commonwealth* v. *Wood,* 2 Cush. 149. In the present case, the writs of venire facias were originally issued by the clerk for twenty-three grand jurors, as authorized by the Gen. Sts. *c.* 171, §§ 1, 2. Section 4 provides that, " in case of deficiency of grand jurors in any court, writs of venire facias may be issued to the constables of such cities or towns as the court may direct, to return forthwith such further number of grand jurors as may be required." We are of opinion that this section authorizes the court, whenever the number of grand jurors in attendance is less than the full number of twenty-three, to cause so many additional grand jurors to be summoned as in its opinion, making due allowance for absences and excuses, may insure the filling up of the grand jury to that number; and that the summoning of a greater number does not affect the validity of an indictment found by the legal number of jurors.

Grand jurors sworn by the clerk in the presence of the court are legally charged with the performance of their duties, so far as any action of the court is required. *Commonwealth* v. *Sanborn,* 116 Mass. 61. But if they are at once excused and never join the grand jury in their deliberations, they form no part of the grand jury by which an indictment is found.

The validity of the proceedings in this case depends upon the amended and completed record, returned in obedience to the writ of certiorari issued upon the motion of the attorney general. *Turns* v. *Commonwealth,* 6 Met. 224. By that record it appears that at January term, five of the grand jurors originally summoned were excused permanently, leaving a grand jury of eighteen; that a venire was thereupon ordered by the court to issue for seven additional grand jurors, six of whom appeared and were sworn, and two of these permanently excused, leaving a

grand jury of twenty-two, and that those twenty-two, together with the seventh additional juror before summoned, constituted the grand jury of February term, by which this indictment was found. It thus appears that the grand jury in question consisted of only twenty-three persons, as the law requires.

The case of *State* v. *Symonds*, 36 Maine, 128, upon which the plaintiff in error relies, differs from this in two particulars : 1st. By the statutes of Maine, the court had no authority to summon additional grand jurors. 2d. The objection was taken before pleading the general issue. See *State* v. *Carver*, 49 Maine, 588 ; *Commonwealth* v. *Parker*, 2 Pick. 550.

As we are of opinion that no irregularity is shown in the case before us, it is unnecessary to consider whether the objection was seasonably taken.                                      *Judgment affirmed.*