STATE, Plaintiff in error, vs. LAWLER, Defendant in error, and four other cases.

*April 3—April 28, 1936.*

For the plaintiff in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *William A. Zabel,* district attorney of Milwaukee county, *Herman A. Mosher,* deputy district attorney, and *Francis A.*

*Darnieder,* special assistant district attorney, and oral argument by *Mr. Darnieder* and *Mr. Mosher.*

*Walter H. Bender* and *George A. Burns,* both of Milwaukee, for the defendant in error Jordan Schuster and others.

For the defendant in error Frank J. Amann there was a brief by *Bitker, Tierney & Puchner* of Milwaukee, and oral argument by *Joseph E. Tierney.*

For the defendant in error George J. Schmitz there was a brief by *Alexander, Burke & Clark* and *Niven & Mullaney,* all of Milwaukee.

ROSENBERRY, C. J. Two questions are presented by the record: (1) Assuming the instructions given by the court to the grand jury to be erroneous, does such error vitiate the indictments returned by the grand jury? (2) Is the instruction that an indictment may be returned upon sufficient credible evidence to satisfy the jury that there is probable ground for accusation, erroneous?

(1) We shall first consider whether an indictment is vitiated by an erroneous instruction by the court to the grand jury. A decision of the question presented requires some consideration of the law relating to grand juries in this state. In this state grand jurors are no longer summoned as a matter of course. The summoning of the jurors, the organization of the jury, and the procedure to be followed by it are prescribed by secs. 255.11 to 255.28, inclusive, Stats. The oath of the grand juror requires him to—

"diligently inquire and true presentment make of all such matters and things as shall be given you in charge; the counsel of the state of Wisconsin, your fellows and your own, you shall keep secret; you shall present no man for envy, hatred or malice, neither shall you leave any man unpresented for love, fear, favor, affection or hope of reward; but you shall present things truly, as they come to your knowledge, according to the best of your understanding; so help you God." Sec. 255.19, Stats.

There is no provision in the statutes of this state which requires the court in which the jury is summoned to instruct the jury. There are such statutes in many states. However, according to the common law the court in which the jury was drawn was accustomed to instruct the jury, and no question is raised but that it is right and proper for the court so to do. Blackstone says:

"This grand jury are previously instructed in the articles of their inquiry, by a charge from the judge who presides upon the bench. They then withdraw to sit and receive indictments, which are preferred to them in the name of the king, but at the suit of any private prosecutor; and they are only to hear evidence on behalf of the prosecution: for the finding of an indictment is only in the nature of an inquiry or accusation, which is afterwards to be tried and determined; and the grand jury are only to inquire, upon their oaths, whether there be sufficient cause to call upon the party to answer it. A grand jury, however, ought to be thoroughly persuaded of the truth of an indictment, so far as their evidence goes; and not to rest satisfied merely with remote probabilities: a doctrine that might be applied to very oppressive purposes." 4 Blackstone, *303. See also 10 Enc. Plead. and Prac. 380, and cases cited.

While it is the duty of the court to instruct the jury, a failure of the court in that respect does not invalidate the indictments returned. *Stewart v. State* (1865), 24 Ind. 142; *Fuller v. State* (1905), 85 Miss. 199, 37 So. 749; *Clair v. State* (1894), 40 Neb. 534, 59 N. W. 118.

In *Commonwealth v. Sanborn* (1874), 116 Mass. 61, the court said:

"The provisions of the Rev. St. [citations omitted], binding the grand jury to secrecy, and directing the court in charging them to remind them of these provisions, do not make the instructions of the court, on this or any other matter, essential to the validity of their indictments."

In a technical legal sense the grand jury is charged when it is sworn. *Commonwealth v. Sanborn, supra.* See also

*State v. Froiseth* (1871), 16 Minn. (Gil. 277) 313; *Wadlin's Case* (1814), 11 Mass. 142; *People v. Lauder* (1890), 82 Mich. 109, 46 N. W. 956; *State v. Edgerton* (1896), 100 Iowa, 63, 69 N. W. 280, 282.

We have been cited to no case, and diligent search has failed to reveal one, where it has been held that error in the instructions of the court to the grand jury is ground for the quashing of an indictment. In cases where that question has arisen it has been held to the contrary. *State v. White* (1885), 37 La. Ann. 172; *Commonwealth v. Sanborn* (1874), 116 Mass. 61; *State v. Turlington* (1891), 102 Mo. 642, 15 S. W. 141.

In the state of New York there appears to be an exception to this rule, but it arises from the fact that in that state the court is by statute required to instruct the jury and to read to them certain sections of the criminal code, and even there it is held that the discretion exercised by the court in giving its instructions to the grand jury will not be reviewed unless grossly abused to the prejudice of the defendant. *People v. Glen* (1901), 64 App. Div. 167, 71 N. Y. Supp. 893. Same case (1903), 173 N. Y. 395, 400, 66 N. E. 112, 114.

By the great weight of authority the weight or sufficiency of the evidence before the grand jury to warrant it in returning an indictment is not reviewable upon a plea in abatement or a motion to quash the indictment. Cases are collected in the note "Quashing indictment for lack or insufficiency of evidence before grand jury," 59 A. L. R. 567.

If it be made to appear that there was no evidence before the grand jury, or the sole evidence upon which it acted was illegal, the indictment may be quashed. See 24 A. L. R. 1432.

It has been held, however, that, where the court goes beyond the giving of instructions to the jury and expresses an opinion as to the guilt of a particular person, an indictment may be quashed. *State v. Will* (1896), 97 Iowa, 58, 65

N. W. 1010; *Clair v. State* (1894), 40 Neb. 534, 59 N. W. 118. See 28 C. J. p. 785, §§ 58, 59; 10 Enc. Plead. and Prac. 380, and cases cited.

In *People v. Glen* (1903), 173 N. Y. 395, 400, 66 N. E. 112, 114, the court of appeals said:

"The grand jury is an institution that we inherited with the common law. It is for many legal purposes rather difficult of classification. It is neither a regularly organized tribunal, nor yet an entirely informal body. While in a certain sense a part of the court in connection with which it conducts its deliberations, it is, for many purposes, free from any restraint by that court. A grand jury is clothed with power to determine both the facts and the law, and its methods of procedure, so far as they are not discretionary, are fixed by statute and not by rules of courts. The judge or justice presiding at a court held in connection with a grand jury, must charge them, but beyond the explicit direction to read or deliver to them sections 252 to 267, inclusive, of the Code of Criminal Procedure, the character and scope of the charge is largely a matter of discretion. No exception lies to such a charge, and there is no method by which the proceedings of a grand jury can be reviewed, except by motion to dismiss an indictment, or in arrest of judgment."

In that case it was urged that the court erred in its charge to the jury, in response to which the court of appeals said:

"There are several answers to this suggestion. 1. Assuming that the charge in this particular was erroneous, the grand jury were not bound by it, and we cannot assume that they were influenced thereby, unless we take it for granted that they deliberately ignored the statutory command to receive none but legal evidence . . . and to find an indictment only where the evidence before them 'is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury.' "

There is no provision in our statutes such as was contained in the code of criminal procedure of the state of New York with respect to the kind of evidence which the grand jury is to consider and the *quantum* of evidence necessary to sup-

port an indictment. Counsel for the defendants contend most earnestly that if an indictment may not be attacked because of an erroneous instruction to the grand jury, accused persons have no protection against a prosecution not warranted in the law. As a basis for this contention it is urged that the grand jury is not merely an accusing body, but possesses at least *quasi*-judicial functions and acts under the instructions and supervision of the court. In support of this contention we are cited to certain charges given by Justice FIELD, 30 Fed. Cas. No. 18,255, p. 992, and by Justice TANEY, 30 Fed. Cas. No. 18,257, p. 998, and other cases and texts to sustain the proposition that a grand jury ought not to indict unless the evidence before it, unexplained and uncontradicted, would authorize a petit jury to convict the accused of the crime charged. A careful reading of the cases leads us to the conclusion that by the great weight of authority a grand jury merely presents an accusation. Proof of this is found in the fact that the indictment returned by a grand jury does not affect the presumption of innocence which continues throughout the trial, and is only overcome by a judgment on a finding or a verdict of guilty. Furthermore, we find no authority for the proposition that a grand jury is controlled by the instructions given to it by the court as is a petit jury by the charge given to it by the court upon the trial. The instructions of the court to a grand jury are general in their nature, are not applied to the facts of a particular case, but acquaint the jury with the nature of the offenses which they are likely to be called upon to consider, and points out the procedure to be followed by the grand jury. We have found no case which deals with the question of the effect of the judge's instructions to a grand jury. The grand jury, however, being judges of the law as well as the facts, it is apparent that the situation is closely analogous to that which obtains in prosecutions for criminal libel. In those jurisdic-

tions where by constitutional provisions in prosecutions for criminal libel the jury is the judge of the law and the facts, the court may instruct the jury, but the instructions are merely advisory. *State v. Armstrong* (1891), 106 Mo. 395, 16 S. W. 604, 13 L. R. A. 419; 37 C. J. p. 156, § 704, and cases cited. See also 17 R. C. L. p. 468, § 231.

It is evident that the grand jury is not, as is the petit jury, bound to follow the instructions of the court as to the law.

In this state there is another reason why an erroneous instruction cannot be presumed to have vitiated the indictment. By sec. 255.23, Stats., it is provided:

"Whenever required by the grand jury it shall be the duty of the district attorney of the county to attend them for the purpose of examining witnesses in their presence or of giving them advice upon any legal matter, and to issue subpœnas and other process to bring up witnesses."

Even here what the district attorney does is not to direct the jury with respect to the law but to advise them, leaving it to the jury to act as it may see fit upon the advice given.

There is still another reason why an indictment should not be quashed for error in instructions under the law of this state. Not only is each juror sworn to keep secret the proceedings of the grand jury, but sec. 255.27, Stats., provides upon what occasions the proceedings before the grand jury may be disclosed and to what extent. Although the statute provides for a stenographer, the transcript of the evidence is not filed in court, and its confidential character is closely guarded. *Steensland v. Hoppmann* (1934), 213 Wis. 593, 252 N. W. 146. Not having the evidence before it, it would be impossible for a court to say whether or not in a particular case an erroneous instruction was prejudicial, and certainly under such circumstances prejudice cannot be presumed. There may have arisen no situation to which the erroneous instruction in fact applied. For many years the

trend of the law has been to do away with technicalities in criminal procedure. To that end our statutes make liberal provision for the amendment of indictments and informations, and have greatly modified common-law procedure for the purpose of securing a better administration of the criminal law. To introduce into the law of the state a rule which would create a new ground for quashing an indictment would be entirely contrary to the whole spirit of our criminal law. We are unable to discover any warrant either in reason or authority for holding that an erroneous instruction given by the court to a grand jury is ground for quashing an indictment or sustaining a plea in abatement.

(2) Although the cases could be decided without considering the correctness of the instructions given, in as much as the matter has been fully argued here and the question is properly presented by the record, we deem it our duty to determine the second question, and that is, whether the instruction given with respect to probable cause was erroneous. The gist of the instruction upon the point in question is that it is incumbent upon the grand jurors to satisfy their minds by diligent inquiry upon sufficient credible evidence that there is probable ground for an accusation before they give it their authority and call upon anyone to make a public defense. The claim in opposition is that the jury should have been instructed as they were that:

"You ought not to find an indictment unless in your judgment the evidence before you, unexplained and uncontradicted, would warrant a conviction by a petit jury."

It is considered that, whatever the law may be in other states, under the law of this state an instruction such as the one contended for requires a degree of proof greater than that required at common law, which must govern here, there being no statute. In practically every criminal case in this state the jury is instructed that, before it has a right to find

a defendant guilty of an offense charged, every member of the jury must be convinced of guilt by the evidence beyond all reasonable doubt. Juries are usually instructed:

"If after an entire comparison and consideration of all the evidence in the case, the mind of any juror is in that condition that he or she cannot say that he or she feels an abiding conviction to a moral certainty of the guilt of the defendant, then he or she should not consent to any verdict of guilty."

Further, that "guilt is proven beyond reasonable doubt when all the evidence in the case, impartially and rationally considered, is sufficient to impress the judgment of ordinarily, reasonable and prudent men and women with a conviction upon which they would act, without hesitation, in the most important affairs of life."

If such a high degree of proof be required to be submitted to a grand jury before an indictment can be returned, the investigation of a grand jury will amount practically to a trial. Under such a rule, in order to say that the evidence warrants a petit jury in convicting the accused, the grand jury must be able to say that the evidence is such that it warrants a conclusion that the accused is guilty beyond all reasonable doubt. No such degree of proof was required at the common law to warrant the return of an indictment by a grand jury. While the language of the instruction to the effect that the evidence must be such that, unexplained and uncontradicted, it would warrant conviction by a petit jury, has been used by distinguished judges, it is not language appropriate to an instruction of the grand jury under the law of this state for the reason already stated. The statement in Blackstone, to the effect that—

"A grand jury, however, ought to be thoroughly persuaded of the truth of an indictment, so far as their evidence goes; and not to rest satisfied merely with remote probabilities"—

is undoubtedly sound. *Beavers v. Henkel* (1904), 194 U. S. 73, 24 Sup. Ct. 605, 607.

Probable cause as it is defined in our law is something quite different than a remote probability. The term "probable cause" is used in the Wisconsin constitution (sec. 11, art. I) relating to unreasonable searches and seizures, and has been defined as follows:

"Probable cause . . . is the existence of such facts and circumstances as would excite an honest belief in a reasonable mind, acting on all the facts and circumstances within the knowledge of the magistrate, that the charge made by the applicant for the warrant is true." *State v. Baltes* (1924), 183 Wis. 545, 549, 198 N. W. 282.

It was defined in *Carl v. Ayers* (1873), 53 N. Y. 14, 17, where it is said:

"A person making a criminal accusation may act upon appearances, and if the apparent facts are such that a discreet and prudent person would be led to the belief that a crime had been committed by the person charged, he will be justified, although it turns out that he was deceived and that the party accused was innocent."

While this statement is not in the form of a definition, it expresses the view of that court as to what constitutes probable cause. The case before that court was one for malicious prosecution. The instruction under consideration did not use the term "probable cause" but "probable ground." No doubt the court used the word "ground" in the sense of metaphysical basis, which is identical with "cause," and we so consider it. Credible evidence which excites in the mind of the grand jury an honest and reasonable belief that the accused is guilty of the offense charged is a sufficient basis to warrant the jury in returning an indictment. A statement that the jury ought not to find an indictment unless the evidence is such as would warrant a conviction by a petit jury must leave out of consideration that high degree of proof which is required for conviction under the law of this state. If the court had defined probable cause as it has been defined

in the law of this state, its charge to the grand jury would not be subject to criticism. Certainly, if a magistrate is warranted in binding over an accused where the evidence establishes the commission of an offense and that there is probable cause to believe the person charged to be the person who committed it, there is no reason why a grand jury which arrives at a similar conclusion should not be warranted in returning an indictment. It was said upon the oral argument that this is not the case, because upon a preliminary examination before a magistrate the accused has the right to appear, be heard, offer witnesses, and have their testimony taken. While that is true, nevertheless the magistrate is warranted in binding over the accused for trial if there is competent evidence before him from which he may determine the existence of the essential facts. Under such circumstances upon the whole case his determination cannot be reviewed. *State ex rel. Durner v. Huegin* (1901), 110 Wis. 189, 239, 85 N. W. 1046; *State v. McGinley* (1913), 153 Wis. 5, 140 N. W. 332. He may find that there is probable cause for believing the accused to be the one who committed the offense and hold him for trial, although upon all the evidence it may not appear that the accused is guilty beyond a reasonable doubt. The instructions as given were subject to the criticism that they were inconsistent, but the jury certainly could not have been misled, and upon the whole were instructed that a degree of proof was required greater than is sufficient to establish probable cause. When a grand jury has before it evidence which is competent and credible which excites in its mind after careful consideration an honest reasonable belief that the accused committed the offense charged, it is warranted in returning an indictment. *State v. Davie* (1885), 62 Wis. 305, 22 N. W. 411; *Beavers v. Henkel* (1904), 194 U. S. 73, 24 Sup. Ct. 605, 48 L. Ed. 882, in which the quotation from Blackstone already set out is given with approval; *Ex Parte United States* (1932), 287 U. S. 241, 53 Sup. Ct. 129, 77 L. Ed. 283; *United States v.*

*Olmstead* (D. C. 1925), 7 Fed. (2d) 756; *In re Cravens* (D. C. 1929), 40 Fed. (2d) 931. Such a degree of proof certainly eliminates suspicion, conjecture, and remote probabilities.

In *State v. Warnimont,* two questions were raised. The question relating to the sufficiency of the indictment is treated in *State v. Kitzerow, post,* p. 436, 267 N. W. 71, and the mandate will be entered in connection therewith. It is there held that the indictment is bad. Because the indictment is bad, the questions treated in this opinion are not reached in *State v. Warnimont.*

*By the Court.*—In each of the cases under consideration, except in *State v. Warnimont,* the judgment is reversed, and cause remanded for further proceedings according to law.