STATE of Minnesota, Respondent,

v.

Danny L. O'DELL, Appellant.

No. 82–99.

Supreme Court of Minnesota.

Jan. 14, 1983.

C. Paul Jones, Public Defender, and Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Gary Hansen and Kenneth W. Saffold, Sp. Asst. Attys. Gen., St. Paul, Robert Kelly, County Atty., Stillwater, for respondent.

WAHL, Justice.

In 1980 petitioner was tried on an indictment charging him with second degree murder for the January 29, 1980, act of throwing a fellow Stillwater prisoner off the fourth tier of Cell Block B onto the floor nearly 30 feet below. A district court jury acquitted petitioner of the charged offense but found him guilty of the lesser offense of first-degree manslaughter, Minn. Stat. § 609.20(2) (1980). The trial court sentenced petitioner to 15 years in prison, with the sentence running consecutively to a 5-year prison term imposed in 1978 for an assault conviction. The trial court subsequently denied petitioner's motion for a new trial. A year later, petitioner sought post-conviction relief, raising the same issues raised in his motion for a new trial. The district court denied that petition, and this appeal followed.

Issues raised by petitioner on appeal relate to the sufficiency of the evidence, the trial court's allegedly improper limitation of defense counsel's right to fully cross-exam-

ine the state's key witness about his prior record, the trial court's refusal to allow defense counsel to reopen for the purpose of further impeaching the state's key witness, and the alleged misconduct of the prosecutor both before trial and during trial. We affirm.

 The evidence of petitioner's guilt is legally sufficient.

 The trial court allowed the defense counsel greater lee-way in cross-examining Gatlin, the state's key witness, who was a prison inmate, about his prior convictions than was allowed the prosecutor in cross-examining petitioner and other inmates who testified for petitioner. We are satisfied that the defense was not deprived of a fair opportunity to impeach the credibility of the state's key witness. The defense request for permission to establish that this witness had been sentenced as a "dangerous offender" was for the purpose of establishing that he had the propensity to commit violent crimes and may himself have committed this crime. Granting this request would not have significantly added to the jury's knowledge of the witness' propensity for violence, since the jury already knew that the witness in question had a number of prior convictions for violent offenses. Although defense counsel was not permitted to show that the witness had been sentenced as a "dangerous offender," he was permitted to show that the witness had more time left to serve than petitioner or most of the other inmates who testified. Further, it is not clear that petitioner could properly show that the witness in question had a propensity for violence, since there was no independent foundation for suspecting the witness of having committed the offense against the victim. *State v. Hawkins,* 260 N.W.2d 150 (Minn.1977), relied upon heavily by petitioner, is distinguishable on this ground.

 We find no error in the trial court's refusal to allow the defense to reopen after resting its case. Appellant had subpoenaed prison disciplinary records which revealed the fact that Gatlin had been disciplined for receiving contraband from his ex-wife in prison. Appellant could have cross-examined Gatlin as to whether his ex-wife had been charged and, if so, whether she had been sentenced or whether sentence was pending.

 Although it appears that some of the evidence admitted in the grand jury proceedings was evidence not admissible at trial, we are satisfied that the grand jury heard sufficient admissible evidence to justify the indictment. *State v. Terrell,* 283 N.W.2d 529 (Minn.1979). Other issues concerning the prosecutor's conduct during the grand jury proceedings are answered by our decisions in *State v. Hejl,* 315 N.W.2d 592 (Minn.1982), and *State v. Wollan,* 303 N.W.2d 253 (Minn.1981). Petitioner's other claims of prosecutorial misconduct occurring before trial and during trial do not constitute error.

Affirmed.