STATE of Minnesota, Respondent,

v.

Chanh INTHAVONG, Appellant.

No. C0-86-1730.

Supreme Court of Minnesota.

March 27, 1987.

William Kennedy, Hennepin County Public Defender, Ann Remington, James Krieger, Minneapolis, for appellant.

Thomas L. Johnson, Michael Richardson, Minneapolis, for respondent.

SIMONETT, Justice.

Defendant appeals the trial court's denial of a motion to dismiss his indictment. Because of fundamental error in the court's charge to the grand jury, we reverse and order the indictment dismissed.

On July 7, 1986, a Hennepin County grand jury was impaneled to sit for 4 months. Judge Lindsay G. Arthur presided at the impaneling. Pursuant to Minn. Stat. § 628.56 (1986) and Minn.R.Crim.P. 18.03, subd. 3, the judge instructed the grand jury on its duties, choosing to do so orally in his own language rather than read from a juror's handbook containing a proper written charge. The next day, July 8, the state presented its case against appellant-defendant Chanh Inthavong, and, 7 days later, the jury returned an indictment against Inthavong for two counts of second-degree murder.

Defendant Inthavong moved to dismiss the indictment on several grounds, including the claim that the impaneling judge's charge to the grand jury contained prejudicial error. While a number of errors were cited,[1] defendant's claim of prejudice centered on the judge's probable cause instruction given near the close of the charge:

---

1. During the course of his charge on several occasions the judge mentioned that the county attorney's staff was "unusually skillful" and would be a "big help" and "very helpful"; and, finally, at the conclusion of the charge, the judge said, "At this point I don't know if any of you have met Tom Johnson. He is our County Attorney and has been our County Attorney for a long time. Crime has been going down and down." These remarks are disconcerting. The grand jury serves "to protect the public from an overzealous prosecutor by interposing a lay buffer between them." *United States v. Shober,* 489 F.Supp. 393, 406 (E.D.Pa.1979). We appreciate that the county attorney's office did not invite those plaudits, but the judge's remarks, by placing the county attorney's office in an "extra-favorable light" (as the motion hearing court put it), saps the strength and independence of the "lay buffer."

In addition, the jury was told a witness testifying before the grand jury "may also have his or her lawyer with them." In fact, the lawyer can be present only if the witness has waived immunity from self-incrimination. Minn.R.Crim.P. 18.04. The jury was also told that they were "never going to hear from the defendant. His lawyer won't be there. He won't be there. He won't be testifying." This, too, is incorrect, although in this case defendant Inthavong did not choose to testify. Defendant-appellant also complains that the charge's reference to "all American citizens" being treated fairly and equally reflected adversely on him.

You are required to indict if you find there is probable cause to believe that a crime has been committed and probable cause to believe that this defendant had something to do with it. * * * If you find that a crime was probably committed and this defendant probably had something to do with it then you can indict. If you find that it is not probable that a crime was committed then you cannot indict. If you find that a crime was committed but this defendant probably didn't have anything to do with it then you should not indict.

At the hearing on defendant's motion to dismiss, the state conceded the probable cause instruction misstated the law; however, County Attorney Thomas Johnson and Assistant County Attorney William Edwards both testified they specifically recalled instructing the grand jury on July 7 following the judge's remarks, and that each of them gave the jurors a correct explanation of probable cause.[2] They did not, however, indicate to the jurors that their explanation corrected the judge's prior misstatement. Also, it was shown that on July 7 each juror was given the juror's handbook entitled "Charge to the Hennepin County Grand Jury," which contained a correct statement of the law on probable cause. During his charge, the impaneling judge mentioned the handbook and told the jurors, "But I hope that you will take this red pamphlet and scan through it."

The motion to dismiss was heard before Judge Patrick W. Fitzgerald. He concluded that the additional explanations given by the two county prosecutors had rectified the impaneling judge's erroneous instruction on probable cause, and, based on the totality of the circumstances, that the grand jury had the correct legal information to perform its duties. Recognizing, however, this was an important and doubtful issue, the court stayed further proceedings and certified the issues for appellate review pursuant to Minn.R.Crim.P. 28.03. The court of appeals, in turn, transferred the appeal to us. As posed by the trial court, the question is: "Can accurate instructions given to the grand jury by the County Attorney rectify or correct erroneous instructions given to the grand jury by the Court?"[3]

■ 1. A grand jury proceeding is not a trial on the merits. The jurors do not determine guilt or innocence but rather determine if there is probable cause to believe that the accused has committed a crime. To insist on the many procedural safeguards and evidentiary rules required at a trial "would contort the grand jury procedure into a preliminary trial on the merits." *United States v. Shober*, 489 F.Supp. 393, 409 (E.D.Pa.1979). Consequently, there is no need for the kind of detailed jury instructions given a petit jury. As the United States Supreme Court has stated, "an indictment returned by a legally constituted and unbiased grand jury, * * * if valid on its face, is enough to call for trial of the charge on its merits." *Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956). The general rule that emerges is that a presumption of regularity attaches to the indictment, and it is a rare case where an indictment will be invalidated.

■ In this state, for example, the judge "need not charge [the grand jury] respecting the violation of any particular

---

**2.** Both prosecutors testified they instructed the jury that it may find an indictment "when upon all the evidence there is probable cause to believe that an offense has been committed and that the defendant committed it," and, further, that "probable cause has been defined as reasonable cause and as an apparent state of facts found to exist upon reasonable inquiry which would induce a reasonably intelligent and prudent person to believe that the accused person had committed the crime charged."

**3.** The question certified to us also contains two other parts:

> In addition thereto, does the law allow the executive branch of government to perform the duties of the judicial branch of government? Lastly, does the Hennepin County Attorney have the delegated powers to properly instruct the grand jury?

We deem the first part of the certified question to encompass the dispositive issue and see no need to reach the second and third parts.

statute unless expressly made its duty by the provisions of such statute." Minn.Stat. § 628.56 (1986). Federal indictments, for example, have been upheld despite the absence of accurate instructions, or of any instructions, regarding the specific law applicable in a particular case. *See United States v. Buchanan,* 787 F.2d 477, 487 (10th Cir.1986); *United States v. Kenny,* 645 F.2d 1323, 1347 (9th Cir.1981). Further, erroneous instructions given a grand jury, whether by the court or the prosecutor, will not invalidate an indictment absent a showing of prejudice. *See, e.g., State v. Hocker,* 113 Ariz. 450, 454–55, 556 P.2d 784, 788–89 (1976); *State v. Stepney,* 181 Conn. 268, 435 A.2d 701, 709 (1980); *Gasper v. District Court,* 74 Idaho 388, 396, 264 P.2d 679, 683 (1953); *State v. Lawler,* 221 Wis. 423, 427, 267 N.W. 65, 68–69 (1936). Contrast *Abruska v. State,* 705 P.2d 1261, 1272 (Alaska App.1985) (prosecutor's inaccurate instructions not shown to be prejudicial) with a recent decision of our own court of appeals, *State v. Grose,* 387 N.W.2d 182 (Minn.App.1986) (prosecutor's misleading and incomplete instructions so pervasive as to be prejudicial). In other words, prejudice ordinarily will be found only on those rare occasions where the grand jury instructions are so egregiously misleading or deficient that the fundamental integrity of the indictment process itself is compromised. *See People v. Calbud, Inc.,* 49 N.Y.2d 389, 395–96, 426 N.Y.S.2d 238, 240–41, 402 N.E.2d 1140, 1143–44 (1980).

2. With this background, we apply the test set out in Minn.R.Crim.P. 17.06, subd. 2(2), to the facts of this case. The rule says an indictment may be challenged if it "(a) * * * does not substantially comply with the requirements prescribed by law to the prejudice of the substantial rights of the defendant."

■ Here the judge erroneously told the grand jury that it was *required* to indict if it found probable cause. But more serious, the grand jury was instructed that it could indict for a crime if the accused "had something to do with it." This catch-all phrase, casting such a wide net, deprives the accused the protection of the requirement of a threshold probability of culpability before a criminal prosecution may be instituted. Significantly, in charging a grand jury, the court is specifically required to read to the jurors the probable cause requirements set out in Minn.R.Crim.P. 18.06, subd. 2. *See* Minn.Stat. § 628.56 (1986). Clearly, then, we have an erroneous instruction involving the "substantial rights" of a defendant.

■ 3. The state contends, however, that the error was rectified and no prejudice to defendant's rights resulted. The burden of showing prejudice is on the defendant and the court will consider all the relevant facts and surrounding circumstances. In *State v. Lawler,* 221 Wis. 423, 267 N.W. 65 (1936), for example, an error in the judge's probable cause instruction did not invalidate the indictment. There the judge first told the grand jury that it could only indict if the evidence warranted conviction by a petit jury. Later in his charge, however, the judge correctly told the jury only probable cause was needed for an indictment. The erroneous instruction, requiring a higher threshold of proof, probably benefited the defendant, but, in any event, the Wisconsin Supreme Court upheld the indictment, stating that "upon the whole," the grand jury was properly instructed and not misled by the inconsistency in the charge.

■ In this case, we have an erroneous probable cause instruction given by the judge. The misstatement was not an isolated inadvertence diluted by the court's charge as a whole, but a deliberate, direct misstatement, repeated three times. The state argues that the error was subsequently corrected by the county attorney as the jury's legal advisor.[4] Defendant, on the other hand, seems to argue (and this is

---

4. The county attorney has a statutory responsibility to advise the grand jury on the applicable law. *See* Minn.Stat. § 388.051, subd. 1(d) ("The county attorney shall * * * (d) Attend before the grand jury, give them legal advice * * * "); Minn.Stat. § 628.63 (1986) ("The grand jury may at all reasonable times ask the advice of the court, or of the county attorney * * * "). *See*

reflected in the wording of the certified question) that a county attorney's remarks to the grand jury cannot be used to correct a court's charge. Our inquiry, however, is only to whether prejudice occurred based on the totality of information available to the grand jury. Whatever the jurors were told, whether by the judge or the prosecutor, would be relevant to that inquiry. Here both parties speculate on whether, in fact, the jurors were misled, and when and with what attention the jurors may have read the handbook containing the proper instructions. Defendant stresses the judge's authoritative role and also observes that the county attorney's statement of probable cause was not prefaced with an explanation that it was given to correct the prior incorrect instruction. Also, we note defendant's case was the first case to be heard by the grand jury after the impaneling judge's instruction.

■ If the grand jury is to perform its function of instituting criminal charges fairly, the jurors must know about probable cause. For the judge to tell the jurors that they should indict if they believe the accused had "something to do with" the crime undermines the indictment process at its most basic level. We have no way of knowing in this case if the grand jury was influenced by this grievous misstatement or if it followed instead the county attorney's explanation or the juror's handbook. We conclude, however, this is one of those instances where the error is fundamental and the integrity of the grand jury system cannot afford the assumption that the jurors were not misled. The indictment must be dismissed.

*also State v. Falcone,* 292 Minn. 365, 372, 195 N.W.2d 572, 577 (1972).