**STATE of Minnesota, Respondent,**

v.

**James (NMN) RUSSELL, Jr., Petitioner.**

No. C4–92–170.

Court of Appeals of Minnesota.

March 10, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael Freeman, Hennepin Co. Atty., Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

Robert G. Davis, Minneapolis, for petitioner.

Considered and decided by RANDALL, P.J., and FORSBERG, and DAVIES, JJ.

## SPECIAL TERM OPINION

RANDALL, Judge.

Petitioner seeks discretionary review of an order denying his motion to dismiss an indictment. We deny the petition.

## FACTS

Petitioner Russell has been indicted for first degree premeditated murder, first degree felony murder and second degree intentional murder. The charges result from police discovery of a dead body in a Minneapolis residence. Three co-defendants have also been indicted.

Minneapolis police entered the residence in response to an anonymous tip concerning the body. The state alleges that Russell consented to the entry and search. Russell has moved to suppress evidence obtained as a result of the search. His motion for a suppression hearing has been granted, but the hearing, at least as far as this record shows, has not been held.

The state submitted to the grand jury, in addition to the physical evidence seized, an admission by Russell, Russell's written confession, and the written confessions of the three co-defendants.

Russell moved to dismiss the indictment on the grounds that inadmissible evidence was presented to the grand jury, that there was insufficient admissible evidence to support the indictment, and that material outside the record was considered by the grand jury. The trial court denied the motion.

## ISSUE

Are "extraordinary circumstances" presented warranting pretrial discretionary review?

## ANALYSIS

■ This court may grant discretionary review of an order denying a motion to dismiss an indictment in "extraordinary circumstances." *State v. Johnson*, 441 N.W.2d 460, 467 (Minn.1989). Russell argues such circumstances are shown here because the grand jury was presented with hearsay statements of co-defendants, evidence derived from a warrantless entry into a house, and material outside the record.

An indictment is to be based on evidence admissible at trial with certain exceptions. Minn.R.Crim.P. 18.06, subd. 1. However, reception of inadmissible evidence is not grounds for dismissal of an indictment if there is sufficient admissible evidence to support the indictment. Minn.R.Crim.P. 18.06, subd. 2; *see State v. O'Dell*, 328 N.W.2d 730, 731 (Minn.1983). We are unable on this record to make any estimate whether sufficient admissible evidence was presented.

■ A party seeking discretionary review must provide a record adequate for determining whether review should be granted. *State v. Jordan*, 426 N.W.2d 495, 497 (Minn.App.1988). When a defendant seeks review of an order denying a motion to dismiss an indictment, an appropriate record may include the grand jury transcript, in whole or in part. Defendants have access to such transcripts in making their motions in the trial court. Minn.R.Crim.P. 18.05, subd. 2.

In this case, we cannot assess the possible impact of the co-defendants' confessions without some information concerning Russell's own confession. The search and seizure issue has not been determined, and this part of Russell's challenge to the indictment is not ripe.

■ A defendant is not entitled to a pre-indictment suppression hearing. *State v. Terrell*, 283 N.W.2d 529, 530 (Minn.1979). However, he cannot effectively seek appellate review of an indictment based in part

on challenged search and seizure evidence unless his challenge has been heard. *Cf. State v. Scruggs,* 421 N.W.2d 707, 717 (Minn.1988) (once defendant has been convicted, he bears a heavy burden in seeking to overturn an indictment). However, because of the inadequacy of the record, we cannot tell how much Russell has been prejudiced by the local practice of not holding the suppression hearing until the first day of the actual trial. On this set of facts, the record would be far better and the complaints of Russell better able to be judged as to validity, or lack of it, had the hearing been held and the results known.

The materials outside the record which were presented to the grand jury are innocuous and require no discussion. *See, e.g., State v. Inthavong,* 402 N.W.2d 799, 803 (Minn.1987) (discussing use of grand jury handbook).

 The state has cited in its memorandum opposing discretionary review a special term order issued by this court in another case. We note such orders have no precedential value. *See City of St. Louis Park v. Engell,* 283 Minn. 309, 313, 168 N.W.2d 3, 6 (1969) (exercise of discretionary review in one case is not precedent for another case). Special term orders are written solely for the benefit of the parties to an individual case. They contain a minimal recitation of facts and an abbreviated explanation of the decision. They are not published, nor generally available to counsel in other cases. The state collects special term orders and has a right to do so. But they should not be cited as precedent on another case in this court or in the trial court.

Petition for discretionary review denied.