STATE of Minnesota, Appellant,

v.

Edward Michael BITZ, Jr., Respondent.

No. C9–92–746.

Court of Appeals of Minnesota.

July 21, 1992.

Review Denied Sept. 15, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael A. Fahey, Carver County Atty., Chaska, for appellant.

John M. Stuart, State Public Defender, Mark D. Nyvold, Sp. Asst. State Public Defender, St. Paul, for respondent.

Considered and decided by DAVIES, P.J., and LANSING and NORTON, JJ.

## OPINION

LANSING, Judge.

The state appeals from an order applying a per se rule of dismissal for indictments issued by a grand jury for which the prosecutor appointed the foreperson and clerk. We reverse and remand.

## FACTS

A grand jury indicted Edward Bitz on one count of premeditated intentional murder in the first degree, one count of intentional murder in the second degree, and one count of felony murder in the second degree. During the grand jury proceeding, the county attorney appointed the foreperson and the clerk of the grand jury, contrary to the procedure mandated by statute. On Bitz's motion the trial court dismissed the indictments on the ground that the irregular appointments were presumptively prejudicial and warranted application of a per se rule of dismissal with no inquiry into prejudice. The state appeals.

## ISSUE

Did the county attorney's appointment of the grand jury clerk and foreperson warrant application of a per se rule of dismissal with no inquiry into prejudice?

## ANALYSIS

The district court has the power and responsibility to appoint the foreperson of the grand jury, and the grand jury itself shall appoint a clerk from among its members. Minn.Stat. §§ 628.56–.57 (1990). No indictment shall be dismissed because of "a defect or imperfection in matters of form which does not tend to prejudice the substantial rights of the defendant." Minn. R.Crim.P. 17.06, subd. 1. A presumption of regularity attaches to an indictment, and an indictment will rarely be invalidated. *State v. Inthavong*, 402 N.W.2d 799, 801 (Minn.1987).

Minnesota courts have applied a per se rule of dismissal only when the presence of an outsider during grand jury testimony violated the fundamental secrecy of the proceeding. *Dwire v. State*, 381 N.W.2d 871 (Minn.App.1986), *pet. for rev. denied* (Minn. April 11, 1986). Minnesota case law, federal case law, and case law from other states supports per se dismissal with no inquiry into prejudice when an unauthorized person is present. *Id.* at 873–75.

In other cases involving errors in grand jury proceedings, Minnesota courts have applied a rule of presumptive prejudice rebuttable by appropriate evidence. *State v. Johnson*, 441 N.W.2d 460, 463–64 (Minn.1989). However, the prejudice may not be overcome if the court finds the cumulative errors to be so prejudicial to the substantial rights of defendants that they seriously undermine the integrity and independence of the grand jury. *Id.* at 466 (threatening members of the jury that they could be picked up by police, handing out instructions from previous grand jurors, and giving inaccurate instructions on probable cause cumulatively prejudicial); *State v. Grose*, 387 N.W.2d 182, 187–90 (Minn. App.1986) (prosecutor's improper comments on respondent's Fifth Amendment

rights and refusal to waive the statute of limitations, reference to possible punishment for convicted defendant, misstatement of the law of scienter, improper testimony about the content of a transcript, and improper instruction on a statute of limitations defense cumulatively prejudicial); *Inthavong*, 402 N.W.2d at 802–03 (trial court's instructions on probable cause so erroneous as to prejudice the substantial rights of the defendant).

Under federal law a per se rule of dismissal for errors in grand jury proceedings is rarely applied. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988). ´ Only when the structural protections of the grand jury are insufficient to prevent demonstrable error of a constitutional magnitude, such as racial discrimination in the jury selection process, will a case be dismissed with no inquiry into prejudice. *Id.* at 256–58, 108 S.Ct. at 2374–75; *see Vasquez v. Hillery*, 474 U.S. 254, 260–64, 106 S.Ct. 617, 621–24, 88 L.Ed.2d 598 (1986).

■ We agree that the prosecutor's appointments are a clear departure from the required procedure, but we disagree with the extension of the *Dwire* per se rule of dismissal. *Dwire* involved a specific and fundamental violation which has been universally recognized as impinging on the essential independence of the grand jury deliberations. *Dwire*, 381 N.W.2d at 873–75. Further, Rule 17.06, subd. 2(1)(f) specifically provides that the presence of an unauthorized person during the grand jury proceedings is sufficient grounds for dismissal of the indictment.

In contrast the prosecutor's appointment of a foreperson and a clerk is a less explicit challenge to the integrity and independent deliberations of the grand jury. The irregular appointment constitutes a threat to Bitz's right to an unbiased jury but standing by itself does not conclusively violate that right. The nature of the violation aligns itself more closely with the line of cases that allows the state the opportunity to rebut the presumption of prejudice. *See Johnson*, 441 N.W.2d at 463–64.

The integrity and independence of the grand jury is vital to its central function. To preserve its value, courts must guard against incremental loss of its independence. Adopting the less stringent presumptive prejudice rule rather than per se dismissal rule does not encourage progressive violations. First, ensuring proper procedures for selection of the foreperson and clerk is within the power of the judge and cannot be expropriated by a prosecutor's overreaching. Second, the modern requirement that all grand jury proceedings be preserved in a verbatim transcript provides some protection when a question is raised about the independence of the grand jury's actions. *See Dwire*, 381 N.W.2d at 876–77 (Forsberg, J., concurring specially).

The prosecutor presented the court with affidavits of nonprejudice from the foreperson and clerk of the grand jury. Because it applied the per se reversal rule, the court did not consider whether this evidence was sufficient to rebut the presumption of prejudice arising from the erroneous appointments. Accordingly, we remand the case to the trial court for a determination of whether the state can rebut the presumption of prejudice.

## DECISION

The irregular appointment of a grand jury foreperson and clerk does not warrant application of a per se rule of dismissal. Although the error raises a presumption of prejudice, the prosecution should have the opportunity to rebut that presumption.

Reversed and remanded.