COMMONWEALTH *vs.* WILLARD F. WOODWARD.

Bristol. November 21, 1892. — January 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Indictment — Plea in Abatement — Bias of Grand Juror.*

A plea in abatement to an indictment will not be sustained on the ground that one of the grand jurors by whom it was found, being otherwise competent and qualified to serve, had before the meeting of the grand jury made a personal investigation into the guilt of the accused, and had secreted himself in a room with an officer for the purpose of listening to declarations and admissions made by the accused concerning the crime, and had heard such declarations and admissions, and had listened to statements of officers to the effect that the accused was guilty, and had thereupon formed an opinion and believed him to be guilty before and at the time of the investigation of the case by the grand jury.

ALLEN, J. The plea in abatement raises the question whether an indictment is to be held bad because one of the grand jurors by whom it was found, being otherwise competent and qualified to serve, had before the meeting of the grand jury made a personal investigation into the guilt of the accused, and had secreted himself in a room with an officer for the purpose of listening to declarations and admissions made by the accused concerning the crime, and had heard such declarations and admissions, and had

listened to statements of officers to the effect that the accused was guilty, and had thereupon formed an opinion, and believed him to be guilty before and at the time of the investigation of the case by the grand jury. We are of opinion that these facts constitute no legal objection to the validity of the indictment.

This opinion is in accordance with what appears to us to be the clear weight of judicial decision elsewhere, though in some instances views to the contrary have been held. It is to be borne in mind, however, that in examining the decisions of different tribunals in reference to the position, functions, and proper methods of discharging the duties of grand jurors, it is necessary to know the statutory law under which those decisions have been rendered, in order rightly to understand them. For example, as we understand it, in New York a grand jury can receive none but legal evidence; Code Crim. Proc. §§ 255, 257; while in Connecticut it is the duty of each grand juror, before the grand jury come together, to make a personal investigation of all offences that come to his knowledge. Gen. Sts. of Conn. (Revision of 1888), c. 12. *Watson* v. *Hall*, 46 Conn. 204.

In Massachusetts there is no statute defining the duties of grand jurors, except so far as the same may be gathered from their oath of office. This oath is as follows: " You, as grand jurors of this inquest for the body of this county of ——, do solemnly swear that you will diligently inquire, and true presentment make, of all such matters and things as shall be given you in charge; the Commonwealth's counsel, your fellows', and your own, you shall keep secret; you shall present no man for envy, hatred, or malice, neither shall you leave any man unpresented for love, fear, favor, affection, or hope of reward; but you shall present things truly, as they come to your knowledge, according to the best of your understanding; so help you God." Pub. Sts. c. 213, § 5. This is substantially the form of the oath which has long been administered in England; and there as here the grand jury is deemed to be an informing and accusing body, rather than a judicial tribunal. 4 Bl. Com. 298, 300. *Justice Field's Charge*, 2 Sawyer, 667.

There are evils no doubt which would arise if a general practice were to spring up of importuning grand jurors privately in favor of or against the finding of indictments. If this were done

on one side, it might also be done on the other. If with one grand juror, then with all. If by one person, then by many persons. If in one case, then in all cases. The evil, or apprehension of evil, from this source has been so great elsewhere as sometimes to lead to legislation for preventing or punishing it. *People* v. *Sellick*, 4 N. Y. Crim. Rep. 329. No such legislation has yet been deemed necessary in this Commonwealth, and the question of the criminality of such importuning, if it should arise, would have to be determined on general principles of law.

In the present case, no corruption is charged upon the grand juror, or upon the officers who made statements to him. The most that can be said is that there was an excess of zeal.

It is always considered that in finding indictments grand jurors may act upon their own knowledge, or upon the knowledge of one or more of their number. It is accordingly held in most jurisdictions that it is no objection to the validity of an indictment, that one or more of the grand jurors, who were otherwise qualified, had formed or expressed an opinion of the guilt of the accused. *Tucker's case*, 8 Mass. 286. *State* v. *Hamlin*, 47 Conn. 95, 114. *State* v. *Chairs*, 9 Baxter, 196. *Musick* v. *People*, 40 Ill. 268. *Lee* v. *State*, 69 Ga. 705. *United States* v. *Williams*, 1 Dillon, 485. Also that an interest or bias in the case, if not pecuniary, is not an objection. *Commonwealth* v. *Brown*, 147 Mass. 585. *State* v. *Brainerd*, 56 Vt. 532. *State* v. *Rickey*, 5 Halst. 83. *Commonwealth* v. *Strother*, 1 Va. Cas. 186. *State* v. *Easter*, 30 Ohio St. 542. *Koch* v. *State*, 32 Ohio St. 353. *State* v. *Maddox*, 1 Lea, (Tenn.) 671. *In re Nowlan*, 2 Jebb & Symes, 1. It has also often been held or declared that the court will not inquire whether incompetent evidence was heard by the grand jury. *Commonwealth* v. *Knapp*, 9 Pick. 495, 496. *State* v. *Dayton*, 3 Zabr. 49. *State* v. *Fasset*, 16 Conn. 457, 472. *Hope* v. *People*, 83 N. Y. 418. *People* v. *Hulbut*, 4 Denio, 133. *Commonwealth* v. *Crans*, 2 Penn. L. J. Rep. 172. *Stewart* v. *State*, 24 Ind. 142. *Creek* v. *State*, 24 Ind. 151. *State* v. *Tucker*, 20 Iowa, 508. *State* v. *Fowler*, 52 Iowa, 103. *State* v. *Boyd*, 2 Hill, (S. C.) 288. *Bloomer* v. *State*, 3 Sneed, 66. *Regina* v. *Russell*, C. & M. 247.

The indictment is merely an accusation or charge of crime. For the protection of the people against unreasonable accusa-

tions, there are constitutional and statutory provisions that, with certain exceptions, no person shall be held to answer for crime unless upon indictment. Amendment of Const. of U. S., Art. 5. Pub. Sts. c. 200, § 3. This means an indictment found in the usual course of proceedings. It is not however necessary that each grand juror shall be free from bias or prejudice, provided he has the general qualifications which are required. Such a test is not implied either from the terms of his oath or from the nature of his duties. If such an inquiry were open, the delays and complexity of criminal trials would be greatly increased, and no correspondingly useful purpose would be served.

The plea in abatement was rightly overruled.

*Conviction to stand.*

*J. W. Cummings*, (*L. E. White* with him,) for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.