ADAMS *v.* STATE OF INDIANA.

[No. 27,053. Filed November 1, 1938.]

*T. Ernest Maholm,* for appellant.

*Omer S. Jackson,* Attorney-General, and *James K. Northam,* Deputy Attorney-General, for the State.

FANSLER, J.—The appellant was convicted of murder in the second degree.

At the impaneling of the grand jury, which returned the indictment upon which appellant was tried, he appeared and objected to the impaneling unless the jurors took an oath to support the Constitution of the

United States and the Constitution of the State of Indiana. Afterward, by plea in abatement and by other pleadings, he questioned the legality of the jury upon the ground that they had taken only the statutory oath, and had not taken an oath to support the Constitutions of the United States and of the State of Indiana. Adverse rulings on these various pleadings are assigned as error.

The Constitution of the United States provides, by article 6, clause 3, that: "The senators and representatives before mentioned, and the members of the several state legislatures, and all executive and judicial officers, both of the United States and of the several states, shall be bound by oath or affirmation, to support this constitution." Article 15, §4, of the Constitution of Indiana provides that: "Every person elected or appointed to any office under this constitution, shall, before entering on the duties thereof, take an oath or affirmation to support the Constitution of this State, and of the United States, and also an oath of office."

It is appellant's contention that a grand juror is a judicial officer, and an officer under the Constitution of Indiana.

A trial by jury is not a trial by judicial officers, but a trial *per pais* or by the country. The jurors, limited in number generally to twelve in modern times, act for the body of the people of the county (*pro corpore comitatus*). But the proceedings of a grand jury are not a trial. Blackstone says: "The finding of an indictment is only in the nature of an inquiry or accusation, which is afterwards to be tried and determined; and the grand jury are only to inquire upon their oaths, whether there be sufficient cause to call upon the party to answer it." In this country, the sovereign is the people, and the grand jury acts for the people in determining whether criminal charges are to be prosecuted in the name of the sovereign. The evidence of

only one side is heard, and the finding and return of an indictment cannot be considered as indicating guilt. It is clear therefore that the functions of a grand jury are not judicial; they are merely inquisitorial. There are statements in the books to the effect that the proceedings of a grand jury are of a judicial nature, and other statements that judicial officers are those whose duties relate to the administration of justice. But it is clear that the bailiff and clerk and the official court reporter are not judicial officers, and that their duties are not judicial, even though they do relate to the administration of justice. Article 7, §16, of the Constitution of Indiana, provides that: "No person elected to any judicial office, shall, during the term for which he shall have been elected, be eligible to any office of trust or profit, under the State, other than a judicial office." It would not be seriously contended that one who had been chosen for grand or petit jury service would be ineligible to hold an office of trust or profit during that term of court, upon the ground that he had been elected to judicial office. It is clear from the early history of juries, both grand and petit, that the members of those bodies were considered to be merely members of the community, representative of the people as distinguished from officeholders, and that trial by jury was considered a trial by the people as distinguished from a trial by a judicial officer. It may be that, in the popular sense, all who attend the administration of justice are judicial officers, but, in the legal sense, only those who exercise the judicial function are so considered, and the provisions of both the State and Federal Constitutions, reasonably interpreted, must be considered as referring to the latter only. See 34 C. J., p. 1183; 12 R. C. L., p. 1014; *Commonwealth* v. *Woodward* (1893), 157 Mass. 516, 32 N. E. 939.

The appellant complains of the refusal to give certain

instructions. The appellee asserts that the subject-matter of these instructions was fully covered in other instructions that were given, and it must be assumed that this is true, since the appellant did not set out all of the instructions in his brief.

It is also asserted that the State did not prove the venue of the crime, but this contention is not taken seriously in view of the ample evidence upon the subject.

Judgment affirmed.