Arthur **KRAUSE** et al., Plaintiff,

v.

James A. **RHODES** et al., Defendants.

Civ. No. C 70–544.

United States District Court,
N. D. Ohio, W. D.

Nov. 14, 1974.

Clyde Ellis, Columbus, Ohio, Nelson G. Karl, Steven A. Sindell, David E. Engdahl, Cleveland, Ohio, for plaintiff.

R. Brooke Alloway, Charles E. Brown, Columbus, Ohio, Burt J. Fulton, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

DON J. YOUNG, District Judge.

This cause came to be heard upon motion of some of the plaintiffs to compel Mathew J. McManus to answer questions propounded at a deposition held Septem-

ber 3, 1974. Witness McManus, after stating his name, refused to answer each and every question thereafter on the ground that the answer may tend to incriminate him in violation of his rights under the Fifth Amendment of the United States Constitution.

[1] When a controversy over the applicability of the Fifth Amendment claim emerges, the Court must determine whether the silence is justified as to each question. Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); Rogers v. United States, 340 U.S. 367, 374, 71 S.Ct. 438, 95 L.Ed. 344 (1951); United States v. Burr, 25 Fed.Cas. 38, 41 (No. 14,692e) (C.C.Va.1807).

After a close examination of the deposition taken September 3, 1974, it appears that the discovery sought concerns three general areas:

(1) personal information about the witness, such as his address, age, occupation and educational background;

(2) information about deponent's experience in the military and Ohio National Guard prior to his involvement in the Kent State events; and

(3) information about the witness's experiences during the Kent State events.

■■■ The privilege of the Fifth Amendment, recognized in the common law of England as the maxim *nemo tenetur seipsum accusare* and incorporated into the federal and state constitutions or statutes, extends to answers that would in themselves support a criminal conviction and also includes answers which would furnish a link in the chain of evidence needed to prosecute the claimant for a crime. Kastigar v. United States, 406 U.S. 441, 445, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); Hoffman v. United States, *supra*, 341 U.S. at 486, 71 S.Ct. 814. The Court concludes that considering the totality of the setting in which the questions were posed, most notably the pending criminal indictment against deponent McManus in United States v. Shafer, No. CR 74–165, proceeding in this Court, the witness may not be compelled to answer any of the questions concerning the incidents at Kent State in May, 1970, because the facts disclosed might incriminate McManus by supporting a criminal conviction or lead to discovery of evidence of a crime. Even though the pending federal criminal cases have now been finally determined, it is not possible to say with any certainty that state criminal proceedings might not be commenced against the witness based upon his answers to some of the deposition questions. However, the questions concerning the witness's personal background and his military and guard experiences, excluding those incidents at Kent State, do not involve incriminating evidence subject to the Fifth Amendment privilege in the present circumstances. McManus therefore will be compelled to answer those questions in the deposition about events and experiences up to his participation in activities at the Kent State campus in May, 1970.

Plaintiffs' arguments concerning compelling answers to questions about the Kent State incident are unpersuasive. Plaintiff's contention that the Fifth Amendment privilege does not apply to questions about the activities of other persons is certainly correct. Rogers v. United States, *supra* 340 U.S. at 371, 71 S.Ct. 438; Brown v. Walker, 161 U.S. 591, 609, 16 S.Ct. 644, 40 L.Ed. 819 (1896). However, the Court concludes that as to the questions about the activities of others during the events at Kent State, since deponent McManus was a member of a military unit that allegedly engaged in unlawful conduct could lead to the inference that the deponent engaged in some unlawful activities. Therefore, the claim of privilege exercised concerning any of the actions of members of McManus's unit was a personal claim of the deponent.

Plaintiffs also claim that Mc-Manus failed to lay a proper foundation for the exercise of his privilege, in that he made no showing that the answers would affect the criminal proceeding. The Court does not find it necessary that a "foundation" be laid for the exercise of the Fifth Amendment. It simply must appear, from the setting in which the question was asked, that an answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure would result. Hoffman v. United States, *supra*, 341 U.S. at 486–87, 71 S.Ct. 814. The Court finds that the answers to the questions about events at Kent State might result in a disclosure injurious to McManus.

The Court declines to fashion the remedy suggested by plaintiffs of excluding the use of any portions of the depositions in the criminal proceedings. *See* Murphy v. Waterfront Commission, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1951). The practical problems of insuring that no detriment would result to the deponent far outweigh the benefits that could come to the plaintiffs.

Lastly, plaintiffs argue that deponent McManus has waived his Fifth Amendment privilege by giving testimony to a grand jury investigating the incidents at Kent State and also by allegedly speaking to a newspaper reporter about the events. The Court finds no waiver of the Fifth Amendment privilege from McManus testifying before the grand jury. In re Neff, 206 F.2d 149, 152 (3rd Cir. 1953). Similarly, speaking to a member of the press does not constitute a waiver of the privilege of the Fifth Amendment.

Therefore, for the reasons set forth herein and for good cause appearing, it is

Ordered that the motion of some of the plaintiffs to compel answers at a deposition should be and hereby is granted in part and denied in part, and it is

Further ordered that Mathew J. McManus should be and hereby is required to answer those questions propounded at a deposition held September 4, 1974 up to and including line 14 of page 14 of the transcript filed September 10, 1974;

Provided further that deponent McManus should not be and hereby is not compelled to answer any questions concerning the events at Kent State in May, 1970.

It is so ordered.