**STATE of Missouri, Respondent,**

v.

**Kenneth E. PELZ, Appellant.**

**No. WD 44838.**

Missouri Court of Appeals,
Western District.

March 31, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 2, 1992.

Application to Transfer Denied
July 21, 1992.

Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

KENNEDY, Judge.

Defendant was convicted, after a second jury trial, of unlawful use of a weapon in carrying a concealed weapon. § 571.030.-1(1), RSMo 1986. Defendant was sentenced to one year's imprisonment and fined. Defendant appeals his conviction.

The evidence adduced at trial, in the light most favorable to the verdict shows that early in the morning on March 7, 1990, police officer Eric Stevenson received a "stop and hold" dispatch for the defendant. The dispatch gave a description of defendant's car and its license plate number. While enroute to defendant's home address, Officer Stevenson saw defendant's car. After pulling up behind defendant, Officer Stevenson proceeded to turn on his patrol lights. Defendant stopped his car, got out of the car and began walking towards the police car.

Officer Stevenson watched as defendant approached the car. He observed a wet spot on defendant's crotch and noticed that his eyes were bloodshot and glassy. When defendant was close enough, Officer Stevenson noticed that defendant's breath smelled of alcohol. When defendant spoke his words were slurred.

While Officer Stevenson took defendant into custody other officers performed a routine incident-to-arrest and an inventory search of defendant's car prior to its impoundment. During the search they lifted the arm rest in the front seat and discovered a large lock-blade knife between the two front seats. The propriety of the search is not an issue on this appeal.

Officer Stevenson informed defendant that he was being arrested for carrying a concealed weapon. Defendant was read his Miranda rights. Defendant became combative and uncooperative, telling the officers that he was a "cop killer" when asked his occupation.

Defendant was convicted upon his first trial but was granted a new trial. During the second trial, despite defendant's objection, portions of defendant's testimony from his first trial were admitted as admissions against interest and were read to the jury. The jury found defendant guilty as charged and recommended a sentence of one year's imprisonment and a fine. It is from this conviction which defendant now appeals.

In his first point defendant challenges the admission of his testimony from his preceding trial. He argues that use of his previous testimony violated his constitutional right against self-incrimination.

We reject this point. "The general rule in regard to the admissibility of evidence of this character is that statements voluntarily made by a defendant on a preliminary examination, or on a former trial of himself or another person, may be received against the defendant as his admissions." *State v. Long*, 324 Mo. 205, 22 S.W.2d 809, 813 (Mo.1929); *accord Rodden v. State*, 795 S.W.2d 393 (Mo. banc 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1608, 113 L.Ed.2d 670 (1991); *see also* 81 Am.Jur.2d, *Witnesses* § 66 n. 38 (1976).

*In re Neff*, 206 F.2d 149 (3d Cir.1953) does not hold the contrary. *Neff* is an application of the rule thus enunciated by the court:

"It is settled by the overwhelming weight of authority that a person who has waived his privilege of silence in one trial or proceeding is not estopped to assert it as to the same matter in a subsequent trial or proceeding. The privilege attaches to the witness in each particular case in which he may be called to testify, and whether or not he may claim it is to be determined without reference to what he said when testifying as a witness on some other trial, or on a former trial of the same case, and without reference to his declarations at some other time or place." *Id.* at 152.

■ That rule would come into play if, for example, it had been attempted in this case to compel the defendant to testify involuntarily after having voluntarily testified in the first trial. But that is not the case here. In the present case, defendant's testimony in the first case was admitted in evidence in the second trial as admissions, and that is no violation of his privilege against self incrimination. (*Neff*, incidentally, has to do with a third-party witness— not the defendant—who had testified to certain facts before a grand jury, then on the trial of the defendant had declined, on self-incrimination grounds, to answer questions intended to elicit the same testimony.)

The trial court did not err in allowing into evidence defendant's prior testimony as an admission against interest. Defendant's point is denied.

■ As his second point on appeal, defendant challenges the admission of the officers' testimony of his intoxication, his combativeness, and his statement he was a "cop killer." Defendant's challenge to this testimony is based on the rule excluding evidence of other crimes or "bad acts" of the defendant, except in certain cases. *See State v. Mitchell*, 491 S.W.2d 292, 295 (Mo. banc 1973). In this case, though, the testimony described the circumstances surrounding the commission of the crime itself. It is often difficult to describe the core fact of the crime in isolation from the surrounding circumstances. *State v. West*, 743 S.W.2d 592, 593 (Mo.App.1988). In weeding out the surrounding circumstances from the crime itself the trial court has a

broad discretion. In this case we find no abuse of that discretion.

Judgment affirmed.