In re CONTEMPT OF ECKLUND.

No. C2–01–385.

Court of Appeals of Minnesota.

Dec. 11, 2001.

586

Andrew S. Birrell, R. Travis Snider, Eric L. Newmark, Birrell & Newmark, Ltd., Minneapolis, for appellant.

Mike Hatch, Attorney General, St. Paul; and Michael Junge, McLeod County Attorney, Amy E. Olson, Assistant County Attorney, Glencoe, for respondent.

Considered and decided by
PETERSON, Presiding Judge,
FORSBERG, Judge * and MULALLY,
Judge.**

## OPINION

MULALLY, Judge.

The case concerns the assertion of the Fifth Amendment privilege against self-incrimination by Heather Ecklund, who was subpoenaed as a witness during the jury trial of M.A.B.A., a minor. M.A.B.A. was acquitted of the charges against her in

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

** Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

relation to the death of Randy Pool. Ecklund was found to be in contempt for refusing to answer questions at M.A.B.A.'s trial. Because we find that the contempt order violated appellant's privilege against self-incrimination, we reverse.

## FACTS

In July 1999, appellant was involved in the murder of Randy Pool. The state charged appellant with three criminal counts in connection with the crime. Count II was a charge of second-degree murder under Minn.Stat. § 609.19, subd. 1(1) (1998).

Appellant agreed to plead guilty to second-degree murder and all other charges against appellant were dropped. Appellant's guilty plea was entered on February 3, 2000. The plea agreement did not require appellant to testify against co-defendants, but she could have earned a sentence reduction by doing so.

On March 27, 2000, appellant testified for the state at the trial of an accomplice, Shawn McCollum. Appellant was subsequently sentenced on June 2, 2000, to 36 years in prison, without receiving a sentence reduction for testifying against McCollum. In early 2001, M.A.B.A., a minor, was also charged in connection with Pool's death. The state subpoenaed appellant to testify. On January 31, 2001, appellant appeared before the district court, but refused to testify, asserting her Fifth Amendment privilege against self-incrimination. The district court heard arguments from the parties regarding appellant's Fifth Amendment assertion. The district court found appellant waived her Fifth Amendment privilege by testifying at McCollum's trial. The district court found appellant in contempt and stayed enforcement of the order for two days, to allow appellant to purge her contempt.

On February 2, 2001, appellant again appeared before the district court. The district court heard arguments regarding the waiver issue and took the matter under advisement. On February 21, 2001, the district court issued an order finding appellant in contempt, and sentenced her to 90 days in jail and imposed a $700 fine.

## ISSUES

I. Did the district court err in finding that appellant waived her Fifth Amendment privilege against self-incrimination when appellant (a) testified at the trial of an accomplice without a grant of federal immunity and (b) pleaded guilty to second-degree murder, but refused to testify at a later trial against a different alleged accomplice?

II. Did the district court properly consider the-use immunity statute, Minn.Stat. § 609.09 (1998), even though the prosecutor never made a written request under this section to the court?

## ANALYSIS

### I.

"[W]hether the trial court violated [a witness's] Fifth Amendment privilege against self-incrimination is a question of law which this court reviews de novo." *State v. Kaquatosh*, 600 N.W.2d 153, 156 (Minn.App.1999), *review denied* (Minn. Dec. 14, 1999).

The Fifth Amendment to the United States Constitution provides that "[n]o person shall be * * * compelled in any criminal case to be a witness against himself * * *." U.S. Const. amend. V. The Minnesota Constitution provides the same protection against self-incrimination. Minn. Const. art. I, § 7. "The Fifth Amendment privilege is * * * fundamental to our system of constitutional rule * * *." *Miranda v. Arizona*, 384 U.S.

436, 468, 86 S.Ct. 1602, 1625, 16 L.Ed.2d 694 (1966).

> The object of the Amendment was to insure that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that [s]he [herself] had committed a crime.

*Maness v. Meyers,* 419 U.S. 449, 473, 95 S.Ct. 584, 598, 42 L.Ed.2d 574 (1975) (White, J., concurring) (quotation omitted). The privilege applies to witnesses, as well as to defendants. *McCarthy v. Arndstein,* 266 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L.Ed. 158 (1924).

### A. Waiver by Testimony at Accomplice's Trial

The district court found that appellant had waived her privilege against self-incrimination by testifying at the trial of her accomplice, Shawn McCollum. In its conclusions of law, the district court stated,

> Ecklund has essentially waived her right to assert a Fifth Amendment privilege, in this proceeding, after testifying during the McCollum trial without any grant of federal immunity.

The district court found that because of the waiver, appellant had no constitutional right to refuse to testify and appellant was in contempt for not complying with the subpoena.

■ It is clear that a person may waive her Fifth Amendment privilege. *Rogers v. United States,* 340 U.S. 367, 372–73, 71 S.Ct. 438, 442, 95 L.Ed. 344 (1951); *see also State v. Falcone,* 292 Minn. 365, 371, 195 N.W.2d 572, 578 (1972).

■ The district court's conclusion that appellant waived her Fifth Amendment privilege, however, is contrary to prevailing law.

> [T]he courts agree that disclosure of incriminating facts in one trial does not

bar a witness from refusing to testify as to those same matters in another trial. 1 McCormick on Evidence § 134, at 499 (John W. Strong et al., eds., 5th ed. 1999) (citing *State v. Linscott,* 521 A.2d 701, 703 (Me.1987) (holding that witness's invocation of Fifth Amendment privilege was justified because of possible future incrimination)). A witness's waiver of the privilege is limited to the particular proceeding in which the witness offered her testimony. *United States v. Burch,* 490 F.2d 1300, 1303 (8th Cir.1974).

Wigmore's treatise on evidence states "[t]he waiver involved is *limited to the particular proceeding* in which the witness volunteers the testimony * * *, [n]or is [her] testimony at a first trial a waiver for a later trial." 8 Wigmore, Evidence § 2276, at 470–72 (McNaughton Rev.1961) (emphasis in original) (citations omitted); *see also United States v. Cain,* 544 F.2d 1113, 1117 (1st Cir.1976); *State v. Knowles,* 395 So.2d 678, 680 (La.1981) (holding that a person can waive silence at one trial, but assert Fifth Amendment right as to same matter in a later trial). Relevant commentary also supports this view. *See* Leslie W. Abramson, *Witness Waiver of the Fifth Amendment Privilege: A New Look at an Old Problem,* 41 Okla. L.Rev. 235, 245 (1988); *see also Alston v. United States,* 383 A.2d 307 (D.C.1978). The parties do not cite any Minnesota case directly on point. Therefore, this is a case of first impression in this state.

■ Appellant argues that *In re Neff,* 206 F.2d 149 (3d Cir.1953) is on point. In *Neff,* the defendant answered questions before a grand jury and was indicted and later found guilty of perjury because of her responses before the grand jury. *Id.* at 150. Later, the defendant was called as a witness in a trial concerning the same matter as her grand jury testimony. The court found defendant in contempt after

defendant refused to answer questions at the trial. *Id.* at 151. The Third Circuit held that the defendant's prior grand jury testimony did not waive her Fifth Amendment privilege at the subsequent trial. The court, therefore, overturned the defendant's contempt conviction because she had the right to refuse to answer questions consistent with her Fifth Amendment privilege. The court observed that a witness's Fifth Amendment rights attach at each proceeding or case, and must be determined without reference to what was said at another proceeding. *Id.* at 152.

This case is analogous to *Neff* in some ways. Appellant testified at an earlier proceeding (McCollum's trial). The district court found appellant in contempt for refusing to answer related questions at a second proceeding (M.A.B.A.'s trial). But here, appellant is not contesting her own conviction for her part in Pool's death. In *Neff,* the defendant was simultaneously contesting her perjury conviction and refusing to answer related questions. While *Neff* does lend some support to appellant's argument, it is not directly on point.

We conclude, however, that the authorities cited above support the conclusion that any testimony appellant offered at McCollum's trial waived her Fifth Amendment privilege for the purposes of that trial *only.* M.A.B.A.'s trial was a different proceeding. Under *Alston, Knowles, Linscott,* and the secondary authorities cited above, appellant's waiver at McCollum's trial of her privilege against self-incrimination applied only to that proceeding, and did not prevent her from asserting the privilege at M.A.B.A.'s trial.

### B. Wavier by Guilty Plea

Respondent argues that appellant's guilty plea acted as a waiver of her Fifth Amendment privilege regarding her involvement in Pool's death. The United States Supreme Court has recognized in dicta that there is an abundance of authority to support the proposition that once a person is convicted of a crime, she no longer has a privilege against self-incrimination. This principle follows because a defendant can no longer be incriminated by later testimony about that particular crime. *Reina v. United States,* 364 U.S. 507, 513, 81 S.Ct. 260, 264, 5 L.Ed.2d 249 (1960).

Appellant, however, is not concerned with potential new state charges. The State of Minnesota has already sentenced her for her role in Pool's death. Appellant is concerned with possible federal indictment. Respondent concedes that there is the possibility of further prosecution under 21 U.S.C. § 848(e)(1)(A) (2000) (prohibiting "continuing criminal enterprise") and 18 U.S.C. § 3591(b)(1) (2000) (providing sentence of death for certain "continuing criminal enterprise" offenses). The Fifth Amendment privilege applies to a witness in a state prosecution who can show that her testimony could be used against her in a federal prosecution. *Murphy v. Waterfront Comm'n,* 378 U.S. 52, 79, 84 S.Ct. 1594, 1609, 12 L.Ed.2d 678 (1964). Although the Supreme Court has questioned some of the reasoning in *Murphy,* its holding on the "dual jurisdiction" scope of the privilege has not been overruled. *See United States v. Balsys,* 524 U.S. 666, 683–84, 118 S.Ct. 2218, 2228, 141 L.Ed.2d 575 (1998) (rejecting *Murphy's* "innovative" reconceptualization of the privilege against self-incrimination as being based on a concern for personal privacy).

Because the district court erred by finding that appellant waived her Fifth Amendment rights, the contempt order must be overturned. "[A] witness cannot be cited for contempt for refusing to answer questions on the basis of a valid

assertion of the Fifth Amendment privilege * * *." *Minnesota State Bar Ass'n v. Divorce Assistance Ass'n, Inc.*, 311 Minn. 276, 283, 248 N.W.2d 733, 740 (1976).

## II.

*Application of Minn.Stat. § 609.09*

■ Application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision is not binding on this court. *O'Malley v. Ulland Bros.*, 549 N.W.2d 889, 892 (Minn. 1996). The district court stated that it reviewed Minn.Stat. § 609.09, subd. 1 (2000), in its order finding appellant in contempt, and cited § 609.09 in its memorandum of law. The statute states

> In any criminal proceeding, * * * if it appears a person may be entitled to refuse to answer a question * * * on the ground that the person may be incriminated thereby, and *if the prosecuting attorney, in writing,* requests the chief judge of the district or a judge of the court in which the proceeding is pending to order that person to answer the question or produce the evidence, the judge, after notice to the witness and hearing, shall so order if the judge finds that to do so would not be contrary to the public interest and would not be likely to expose the witness to prosecution in another state or in the federal courts.
>
> After complying, and if, but for this section, the witness would have been privileged to withhold the answer given or the evidence produced by the witness, no testimony * * * or any information directly or indirectly derived from such testimony or other information may be used against the witness in any criminal case * * *.

Minn.Stat. § 609.09, subd. 1 (emphasis added). The supreme court has stated:

> Section 609.09 plainly says it is the *prosecuting attorney alone* who may request use immunity for a witness, and this court has so held. *State ex rel. Windschitl v. Landkammer*, 299 Minn. 184, 190, 217 N.W.2d 494, 498 (1974). The trial court then decides, based on the statutory criteria, whether immunity will be granted. If the defense wishes to immunize a witness, it should ask the *prosecutor to make the written request to the court. Id.*, 299 Minn. at 191, 217 N.W.2d at 499.

*State v. Peirce*, 364 N.W.2d 801, 808 (Minn. 1985) (footnote omitted) (emphasis added).

■ It is clear under the statute and caselaw that the *prosecutor* must request a grant of immunity in writing for Minn. Stat. § 609.09, subd. 1 to be applicable. Respondent does not claim to have requested § 609.09 use immunity. Appellant contends that written notice was not given to the district court by the prosecuting attorney. Furthermore, in reviewing the record, there is no indication that the prosecutor requested use immunity for appellant in writing. Therefore, § 609.09 is inapplicable in this case.[1]

## DECISION

The district court erred by finding that the appellant waived her Fifth Amendment privilege by testifying at an earlier trial and by pleading guilty to second-degree murder. Because the privilege against self-incrimination attaches in every proceeding where there is the possibility of further incrimination, appellant maintained such a right in M.A.B.A.'s trial. Minn. Stat. § 609.09 is not applicable here be-

---

1. There was some discussion at oral arguments as to the constitutionality of § 609.09. Because the prosecutor in this case failed to follow the requirements of the statute, we do not need to reach that issue.

cause the prosecutor gave no written notice to the district court.

**Reversed.**