FILED

Sep 04 2024, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court





IN THE

# Court of Appeals of Indiana

Kelli Anderson,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

September 4, 2024

Court of Appeals Case No.
23A-CR-2609

Appeal from the Marion Superior Court

The Honorable Charles F. Miller, Judge

Trial Court Cause No.
49D29-2303-F5-9195

---

**Opinion by Judge Foley**
Judge Brown and Senior Judge Riley concur.

**Foley, Judge.**

In this interlocutory appeal, Kelli Anderson ("Anderson") appeals the trial court's order denying her motion to dismiss the State's charging information alleging she committed reckless homicide,[1] a Level 5 felony. Anderson filed a motion to dismiss the charging information alleging the State utilized grand jury proceedings in violation of Indiana statutes and her due process rights, which was denied by the trial court. Anderson raises several issues on appeal, which we consolidate and restate as whether the trial court abused its discretion when it denied her motion to dismiss. We affirm.

## Facts and Procedural History

On May 19, 2022, Anderson allegedly drove her vehicle over a curb and onto the sidewalk, where she then allegedly "clipped a utility pole," "struck a pedestrian," "slamm[ed] into another utility pole," and stopped "after hitting another car." Appellant's App. Vol. II p. 23. The pedestrian that was struck died as a result of the injuries sustained from the accident. Anderson may have experienced a medical event that precipitated the crash.

---

[1] Ind. Code § 35-42-1-5.

[3] On June 9, 2022, Anderson was allegedly involved in another fatal automobile crash. Further investigation by the police revealed that Anderson had been involved in at least "five at-fault crashes since August of 2019, one of which resulted in an injury to another driver." *Id*. at 26. On June 17, 2022, Anderson was charged under cause number 49D29-2206-F5-16321 ("Cause F5-16321") with Level 5 felony reckless homicide and six counts of Class B misdemeanor criminal recklessness as a result of the June 9 crash.

[4] Anderson's medical records revealed that she had a history of seizures and syncope, "which is a temporary loss of consciousness similar to 'passing out,'" and had increasing episodes of such beginning in early 2018. *Id*. at 27. One of Anderson's treating physicians was Dr. Kevin Puzio ("Dr. Puzio"), a neurologist, who had treated Anderson for years. On March 20, 2023, the State impaneled a grand jury to hear testimony and investigate the May 19 crash. The State called Dr. Puzio to give sworn testimony. During this testimony, Dr. Puzio testified regarding his treatment of Anderson and medical topics, including seizures and syncope. After the testimony was completed, the grand jury was not asked to deliberate, and the State did not identify Anderson as the target of the grand jury proceedings or identify any offense that Anderson was alleged to have committed. Anderson was not given any notice that she was a target of a grand jury investigation, and neither she nor her counsel was present at the grand jury proceedings.

[5] On March 31, 2023, the State initiated the present charges by filing a charging information, charging Anderson with Level 5 felony reckless homicide as a

result of the May 19 crash. On May 11, 2023, Dr. Puzio was deposed by Anderson in Cause F5-16321 involving the June 9 crash. Anderson was in possession of Dr. Puzio's grand jury testimony prior to the deposition, and Dr. Puzio was questioned about his grand jury testimony at that deposition.

[6] On June 21, 2023, Anderson filed a motion to dismiss the charging information for the present case, asserting that the grand jury proceeding was defective and citing to Indiana Code section 35-34-1-4(a)(3) and (a)(11). Anderson argued that the "State's refusal to notify [her] of her right to testify before the grand jury" in violation of statute and "the ensuing failure of the State to place before the grand jury the question [of] whether to issue an indictment" resulted in a violation of Anderson's due process rights. Appellant's App. Vol. II p. 113. On September 1, 2023, the trial court issued its order denying Anderson's motion to dismiss, concluding that the State did not violate the statutes governing grand jury proceedings, and the charging information was not defective. Anderson then perfected this interlocutory appeal.

## Discussion and Decision

[7] Anderson argues that the trial court abused its discretion in denying her motion to dismiss the charging information. Generally, "[w]e review a 'ruling on a motion to dismiss a charging information for an abuse of discretion, which occurs only if a trial court's decision is clearly against the logic and effect of the facts and circumstances.'" *State v. Katz*, 179 N.E.3d 431, 440–41 (Ind. 2022) (quoting *Gutenstein v.* State, 59 N.E.3d 984, 994 (Ind. Ct. App. 2016), *trans.*

*denied.*).  To the extent the motion turns on a pure question of law, we review that question of law de novo.  *Id.* at 441.

[8]  In arguing that the trial court erred in denying her motion to dismiss the charging information, Anderson asserts that the State violated the grand jury statutes, which caused the grand jury proceeding to be defective and which resulted in her due process rights to be violated.  She first contends that the State "usurped the grand jury's mandate and exclusive authority to investigate whether a crime has been committed and to deliberate" as to whether to issue an indictment.  Appellant's Br. p. 17.  Anderson also claims that the State deprived her of her right to be notified of the grand jury proceedings and the right to testify on her own behalf.

[9]  The State may charge an individual with a crime by either indictment or information.  Ind. Code § 35-34-1-1.  An information is "a formal criminal charge made by a prosecutor without a grand-jury indictment."  Information, Black's Law Dictionary (11th ed. 2019).  An indictment is "'an accusation in writing found and presented by a grand jury, legally convoked and sworn, to the court in which it is impaneled, charging that a person therein named has done some act, or been guilty of some omission, which by law is a public offense, punishable on indictment.'"  *Ajabu v. State*, 677 N.E.2d 1035, 1040 (Ind. Ct. App. 1997) (quoting Black's Law Dictionary 772 (6th ed. 1990)), *trans. denied*.  A defendant may move to dismiss the indictment or information based on one of the grounds listed in Indiana Code section 35-34-1-4.  Here, Anderson was charged with her offense by information and contends that the

information should have been dismissed (1) pursuant to Indiana Code section 35-34-1-4(a)(1) because the information was defective under section 35-34-1-6 and (2) because the information violated due process citing subsection (a)(11), the catch-all subsection.

[10] Because the State may charge an individual with a crime by either indictment or information, I.C. § 35-34-1-1, the grand jury is not required to initiate charges in Indiana by statute or by due process. Under Indiana Code section 35-34-2-2(a), "A grand jury shall hear and examine evidence concerning crimes and shall take action with respect to this evidence as provided by law." The "duties of the grand jury in this state are governed by statute, and it has no rights or privileges based upon the common law." *Coons v. State*, 134 N.E. 194, 197 (Ind. 1922). The functions of a grand jury are merely inquisitorial and not judicial. *Ajabu,* 677 N.E.2d at 1039 (citing *Adams v. State,* 17 N.E.2d 84, 85 (Ind. 1938)). Grand jury proceedings are not a trial or even an adversary proceeding. *Id*. Instead, "the grand jury is an independent body which is charged with investigating the facts to determine 'whether probable cause exists that a crime has been committed and whether an indictment (true bill) should be returned against one for such a crime.'" *Id*. (citing Black's Law Dictionary 855 (6th ed.1990)).

[11] Here, the State convened a grand jury on March 23, 2023, to investigate the May 19 crash and to obtain sworn testimony from Dr. Puzio. Dr. Puzio was subpoenaed to appear in front of the grand jury, which is contemplated by statute. *See* I.C. § 35-34-2-5(a) ("A subpoena duces tecum or subpoena ad

testificandum summoning a witness to appear before the grand jury shall be issued by the clerk upon the request of the . . . prosecuting attorney."). After the grand jury heard testimony from Dr. Puzio, no further action was taken by the State with respect to the grand jury, and the State did not ask the grand jury to deliberate on whether to issue an indictment regarding that separate collision. Further, the State did not identify Anderson as the target of the grand jury proceedings on the record, nor did it identify any offense that Anderson was alleged to have committed on the record. After dismissing the grand jury, the State later charged Anderson by the filing of a charging information with Level 5 felony reckless homicide based upon the May 19 crash.

[12] Anderson argues that the information should have been dismissed pursuant to Indiana Code section 35-34-1-4(a)(1) because the charging information was defective under section 35-34-1-6.[2] The question presented is whether once a grand jury is convened, is the grand jury required to deliberate and decide upon an indictment. Anderson contends that the grand jury was required to investigate *and* deliberate as to whether or not to charge her with a crime. However, nothing in the statutes mandate the State to submit the matter for deliberation as to whether to issue an indictment.

---

[2] We note that in her motion to dismiss Anderson requested that the charging information be dismissed pursuant to Indiana Code section 35-34-1-4(a)(3) because the grand jury proceeding was defective. However, on appeal, she asserts that the charging information should have been dismissed pursuant to Indiana Code section 35-34-1-4(a)(1) because the information was defective under section 35-34-1-6. Because the trial court's order contained analysis touching on subsection (a)(1), we will reach the merits of Anderson's argument.

[13] Under Indiana Code section 35-34-1-6(b),

> An information is defective if:
>
> (1) the defendant was a grand jury target identified under IC 35-34-2-12(a)(1);
>
> (2) the offense alleged was identified on the record under IC 35-34-2-12(a)(2) as an offense that the defendant allegedly committed; *and*
>
> (3) the grand jury proceeded to deliberate on whether to issue an indictment, and voted not to indict the defendant for the offense identified on the record."

(emphasis added).

[14] Under Indiana Code section 35-34-1-6(b), in order for an information to be defective, three things are required, and here, none of these requirements were met. Anderson was not identified on the record as the target of the grand jury proceeding, no offense which she was alleged to have committed was identified on the record, nor did the grand jury proceed to deliberate on whether to issue an indictment and then vote not to indict. Although the grand jury statutes contemplate that once convened, the grand jury will proceed to deliberation to determine whether to issue an indictment, we fail to find any statutory provision that mandates that procedure. Because the grand jury was not required to deliberate as to whether to issue an indictment, and because none of the requirements were met to render the information defective under section 35-

34-1-6(b), Anderson has not proven that the information should have been dismissed under section 35-34-1-4(a)(1).

[15] Anderson also asserts that the State violated her right to due process because she was deprived of the right to be notified of the grand jury proceeding and the right to testify. Anderson is correct that, under Indiana Code section 35-34-2-9(b), "[a] target of a grand jury investigation shall be given the right to testify before the grand jury," and the State "shall notify a target of his opportunity to testify." A target of a grand jury is a person who has been charged by information for an offense the grand jury is investigating, or who is a subject of the grand jury investigation. I.C. § 35-34-2-1. Indiana Code section 35-34-2-12(a) provides that, "[b]efore the grand jury proceeds to deliberate on whether to issue an indictment, the prosecuting attorney shall, on the record: (1) identify each target of the grand jury proceeding; and (2) identify each offense that each target is alleged to have committed."

[16] Reading this statute strictly, the State need not identify or name the target of the grand jury proceeding and identify the crime that the target was alleged to have committed unless the grand jury proceeds to deliberate on whether to issue an indictment. Therefore, Indiana Code section 35-34-2-12(a) provided that Anderson did not need to be named a target of the grand jury proceeding, which would trigger her right to testify under section 35-34-2-9(b), until the grand jury was ready to proceed to deliberation. Here, because the grand jury was discharged after Dr. Puzio's testimony and did not proceed to deliberations, Anderson's right to testify and right to be notified were not

triggered and were not required. Therefore, the State's obligation to notify Anderson of the grand jury proceeding and allow her to testify was not required at the time the grand jury was discharged.

[17] Our Supreme Court has stated that a subject of a grand jury investigation is not accorded "the full panoply of constitutional rights due a criminal defendant, but . . . violations of the letter of statutes governing grand jury machinations are viewed . . . with a jaundiced eye." *State v. Bowman*, 423 N.E.2d 605, 608 (Ind. 1981). However, only in cases in which there is such "flagrant imposition of the grand jurors' will or independent judgment" will the court find a violation of due process. *Averhart v. State*, 470 N.E.2d 666, 679 (Ind. 1984), *cert. denied*. Here, as we do not find any violations of the statutes governing grand jury proceedings and no flagrant imposition of the grand jury's independent judgment, we do not find any violation of Anderson's right to due process.

[18] "The defendant has the burden of proving by a preponderance of the evidence every fact essential to support" a motion to dismiss a charging information. I.C. § 35-34-1-8(f). Based on the foregoing, we conclude that Anderson has failed to prove that the information was defective under section 35-34-1-6(b) or any other ground that is the basis for dismissal as a matter of law. We, therefore, conclude that the trial court did not abuse its discretion when it denied Anderson's motion to dismiss the charging information.

[19] Affirmed.

Brown, J., and Riley, Sr. J., concur.

ATTORNEYS FOR APPELLANT

Talisha R. Griffin
Christopher Taylor-Price
Marion County Public Defender Agency
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Andrew A. Kobe
Section Chief for Criminal Appeals
Indianapolis, Indiana